209 So.2d 742 (1968)
Ben J. MOULARD, Tutor of Dennis A. Moulard, Plaintiff and Appellant,
v.
MASSMAN CONSTRUCTION COMPANY and Travelers Insurance Company, Defendants and Appellees.
No. 2323.
Court of Appeal of Louisiana, Third Circuit.
May 3, 1968.
Bennett & Laborde, by P. J. Laborde, Jr., Marksville, for plaintiff-appellant.
Stafford & Pitts, by John L. Pitts, Alexandria, for defendants-appellees.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff seeks workmen's compensation benefits for total and permanent disability resulting from an injury to his knee. Defendants are the employer and its insurer. From an adverse judgment plaintiff appeals.[1]
The issue is whether any present disability is due to a prior injury in 1964 or to the 1966 accident in question here.
The facts show that while a student at Northwestern State College in Natchitoches, Louisiana, on July 8, 1964, plaintiff injured his knee in a swimming accident. He was seen by Dr. T. E. Banks, an orthopedic specialist of Alexandria, who diagnosed an acute sprain of the left knee with a possible tear of the medial meniscus. Conservative treatment during the next few months was unsuccessful. Finally, on December 24, 1964 the medial meniscus was surgically removed and found to be torn. He was discharged on April 23, 1965 with an estimated permanent disability to the knee of 5%.
There is no evidence of any further difficulty with the knee until March 15, 1966 (this was shortly before the accident of April 4, 1966 in question here) on which date he returned to Dr. Banks complaining of pain, swelling and a locking and popping in the knee. Dr. Banks found a mild strain and prescribed exercises to strengthen the muscles and medication for the inflammation present. Plaintiff's trouble persisted and he returned to Dr. Banks on March 29, 1966. On this occasion the bursa was injected with drugs.
On April 4, 1966 plaintiff was working as a laborer, assisting in the weaving of *743 willow matts for the construction of a bridge across Red River at Simmesport. He and other employees were carrying a willow log when he stepped in a hole, twisting his left knee out of joint. With the assistance of fellow employees, the knee was pulled back into joint. Plaintiff was sent to Dr. Plauche in Simmesport who in turn sent him to Dr. Banks.
Dr. Banks examined plaintiff on April 12, 1966. His diagnosis was a strain of the posterior capsule of the knee joint, with swelling and tenderness.
Plaintiff was seen again by Dr. Banks on May 6, 1966, at which time the symptoms were minimal and the swelling had completely subsided. Dr. Banks recommended that plaintiff return to work. Compensation payments were stopped.
Moulard then obtained employment with a survey crew for the State Highway Department. His duties consisted of walking and pulling a survey chain. However, plaintiff says that his knee continued to hurt and swell on prolonged use.
Claimant didn't return to Dr. Banks until September 16, 1966, at which time he was still working on the survey crew for the State. He complained that walking on rough ground or in mud caused his knee to give trouble. Dr. Banks found that whatever difficulty existed was very mild and no treatment was indicated.
On October 20, 1966, plaintiff was sent by his attorney to Dr. Thomas Campanella, an orthopedic specialist in Baton Rouge. This physician's report, dated January 13, 1967, was negative as to fluid in the joint, internal derangement or crepitation. Range of motion was almost normal. However, Dr. Campanella must have thought there was a possibility of trouble in the knee, because he concludes his report with this statement:
"It is my opinion that this patient should be sent back to Doctor Banks and let him re-evaluate this with the thought in mind of possible re-exploration. As the patient stands now he does have some residual disability which is rated at approximately 20 per cent loss of the use of the knee which is attributed to the loss of the medial meniscus."
A deposition by Dr. Campanella on March 23, 1967 was stronger. He testified that he had found sufficient symptoms on the lateral side of the knee joint to indicate the probability that plaintiff had a tear of the lateral meniscus. He explained that usually when the medial meniscus is torn the lateral is also. This physician recommended exploratory surgery to determine whether the lateral meniscus is torn and, if so, that it be removed. In his opinion, this would result in an additional 20% disability to the knee.
Thus, we have a sharp conflict in the expert medical testimony. Dr. Banks is of the opinion that within two or three weeks after the work accident on April 4, 1966 plaintiff's knee recovered to the same condition as before the accident, and that he has no disability causally related to the accident. Dr. Banks expressly stated that he found no symptoms on the side of the knee joint to indicate any difficulty with the lateral meniscus.
Dr. Campanella is of the opinion that a tear of the lateral meniscus is present. However, he says that usually both of these cartilages are torn at the same time. Of course, this would mean in the present case that the lateral cartilage, if a tear exists, was injured in the swimming accident in 1964. Actually, we find little, if any, testimony by Dr. Campanella to relate the disability he found to the work accident in April of 1966.
The basis of the trial judge's opinion is that since Dr. Banks is the treating physician, who followed this case from the time of the original surgery in 1964, his testimony is entitled to more weight than that of Dr. Campanella, who saw plaintiff only one time and then for purposes of litigation. Harris v. Great American Indemnity Company, La.App., 142 So.2d 594 (3rd *744 Cir. 1962); Morris v. Supreme Bedding and Furniture Manufacturing Company, La. App., 126 So.2d 412; Istre v. Molbert Bros. Poultry & Egg Company, La.App., 125 So.2d 436. We agree that this rule of evidence is determinative of the present case.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
NOTES
[1] At the time suit was filed, the injured employee, Dennis A. Moulard, was 20 years of age. Hence, suit was filed by his tutor. However, Dennis is now 21 years of age.