235 So.2d 139 (1970)
Virgil BEASLEY
v.
SERVICE FOUNDRY DIVISION OF AVONDALE SHIPYARDS, INC.
No. 2436.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1970.
Aubrey C. Evans, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ashton R. Hardy, New Orleans, for defendant-appellee.
Before REGAN, LeSUEUR and SWIFT, JJ.
SWIFT, Judge.
This is an appeal by an employee from an adverse judgment in a suit for benefits under the Louisiana Workmen's Compensation statute.
Virgil Beasley, plaintiff, sustained an accident during the course of his employment with defendant, Service Foundry Division of Avondale Shipyards, Inc., on December 2, 1963, when a heavy metal block which he was welding fell in his lap. He was taken from the job to Hotel Dieu Hospital where he remained for four days under the care of Dr. John D. Andrews.
Dr. Andrews died prior to the trial, but his medical reports were admitted in evidence over plaintiff's objection. He found Mr. Beasley had sustained a contusion of his right groin with a hematoma formation. This was surgically drained by Dr. Andrews under local anesthetic on December 10, and he continued to treat plaintiff until he was discharged for light duty on January 2, 1964. Beasley resumed his employment with defendant on that date and continued to work until January 23. However, there is a conflict in the evidence as to whether he performed the same duties as before the accident. The employer's *140 records contain a report of a second accident on the last day plaintiff worked but this was denied by Mr. Beasley, who said that he was simply unable to continue with the work assigned to him after that date.
Plaintiff failed to return to Dr. Andrews for further treatment as scheduled in February, 1964. Instead, he chose to see Dr. Arthur White in New Orleans on two occasions, and later was examined by Dr. Sam Field at his relatives' home in Mississippi. Neither of these physicians was called to testify in the case, although at the beginning of the trial plaintiff's counsel obtained permission from the court to take the testimony of Dr. White by deposition at a later date because the doctor was then "tied up".
Plaintiff was examined by Dr. William A. Roy on February 24, 1964, at defendant's request. Dr. Roy noted a small knot beneath the skin, in the right inguinal region, which he diagnosed as scar tissue from the drainage of the hematoma, but he found no hernia on either side. The doctor did not feel that the scar tissue was disabling.
Mr. Beasley was examined by Dr. Andrews on April 16, 1964, who expressed the opinion that the small hematoma in his right inguinal canal had been completely absorbed. Plaintiff's fear of being unable to produce children was put at rest by laboratory tests showing that he was extremely fertile.
Because of his continued complaints of pain in the inguinal region, plaintiff was again examined by Dr. Roy on May 10, 1965. The small knot on plaintiff's right side had disappeared by this time, but Dr. Roy found that he had a small inguinal hernia on the left side. Although Dr. Roy admitted that it was within the realm of possibility, in his opinion this hernia did not result from the accident of December 2, 1963, despite the fact that he erroneously noted on his record that the metal block had struck Beasley on the left rather than the right side of the abdomen.
In support of his contention that he sustained the hernia while working for defendant in December, 1963, plaintiff produced the testimony of Dr. R. A. Schwarz, who conducted a pre-employment physical examination for another concern on October 22, 1963. Dr. Schwarz found no hernia at that time, but he had not examined Beasley subsequently. His answers to hypothetical questions were to the effect that the 1963 accident could have caused the hernia on plaintiff's left side which was discovered in May, 1965. However Dr. Schwarz also said: "I would think that the probability of it being related would not be great and if we say, you know, I think the possibility exists but I think the possibility would not be great. That is what I would say."
Plaintiff testified that he continued to suffer pain in the inquinal region and was unable to perform the duties of a welder at any time after the accident of December 2, 1963. He admitted working as a burner for not over three weeks, but contended the duties of this job were lighter than those of a welder. The payroll records of Dixie Machine Welding & Metal Works, Inc. reflect that he worked as a boilermaker-welder 311 hours in 38 days during the period from May 15, 1964, to March 17, 1965. His foreman at that company testified Mr. Beasley worked at "welding, burning, fitting, different jobs" and performed all of the duties assigned to him without complaint.
The trial judge concluded that plaintiff had not borne the burden of proving by a preponderance of the evidence his left inguinal hernia was caused by the accident of December 2, 1963, while in defendant's employment, and his suit was dismissed.
A plaintiff in a workmen's compensation case has the burden of proof and to recover must establish by a preponderance of evidence that his disability resulted from an accident sustained in the course of his employment. Although he does not have to prove causal connection between *141 disability and employment to an absolute certainty, he is required to establish this to the extent of a reasonable probability. Teekell v. Campbell Construction Company, 160 So.2d 447 (La.App. 2 Cir.1964); Ashby v. National Surety Corporation, 203 So.2d 96 (La.App. 2 Cir.1967); Smith v. Phoenix Assurance Co. of New York, 231 So.2d 733 (La.App. 4 Cir.1970).
The only medical evidence which tends to support plaintiff's contention were the expressions of Drs. Schwarz and Roy that a causal connection between the plaintiff's left inguinal hernia and the accident was within the realm of possibility. However, both physicians did not believe this was probable under the circumstances. Dr. Andrews, the attending physician, whose opinion is entitled to the greatest weight under the law (Moulard v. Massman Construction Company, 209 So.2d 742, La.App. 3 Cir.1968), found no hernia on either side at any of his examinations. It is presumed the testimony of Drs. White and Field, who examined plaintiff at his request, would be unfavorable to his case since no satisfactory explanation was offered for their failure to testify. White v. Insurance Company of North America, 150 So. 2d 908 (La.App. 4 Cir.1963), writ ref. 244 La. 470, 152 So.2d 563 (1963); Cloud v. National Surety Corporation, 166 So.2d 31 (La.App. 3 Cir.1964).
Like the trial judge, we must conclude that the plaintiff has failed to establish his claim by a preponderance of the evidence to the required degree of certainty.
The entries and reports of the late Dr. John D. Andrews were properly admitted in evidence under the exception to the hearsay rule permitting consideration of such written reports of deceased persons made in the usual course of their professional duties. Cascio v. Standard Oil Co. of New Jersey, 32 So.2d 66 (La.App. 1 Cir.1947); Richmond v. Weiss & Goldring, Inc., 124 So.2d 601 (La.App. 3 Cir.1960).
For the foregoing reasons the judgment appealed from is affirmed at appellant's costs.
Affirmed.