REGAN, Judge.
Plaintiff, Matthew J. McFall,[1] filed this suit against his former employer, M. W. Kellogg Co., and its insurer, The Travelers Insurance Company, endeavoring to recover maximum workmen’s compensation for a head injury incurred while he was working as a pipefitter. He alleged a blow on the head had produced partial deafness and recurrent dizziness, headaches and nausea which totally and permanently disabled him from performing his trade. Plaintiff also requested the imposition of statutory penalties and attorney’s fees asserting that the defendant insurer arbitrarily withheld benefits due.
Defendants answered and, in essence, denied that the disability complained of by the plaintiff was attributable to the injury incurred in the course of his employment.
From a judgment awarding plaintiff $875.00 for partial impairment of a function,[2] less a credit of $105.00[3] for compensation previously paid, he has pros *649 ecuted this appeal. Defendant has answered the appeal requesting that the judgment be reversed for the reason that the plaintiff is not entitled to any compensation.
The litigants do not dispute the fact that the plaintiff was injured on May 16, 1968 while engaged in his occupation as a pipe-fitter at the Shell Oil Plant in Donaldson-ville, Louisiana, nor the liability of defendants if plaintiff establishes a disability compensable under the Workmen’s Compensation Act. What is posed for our consideration is whether (1) plaintiff has established by a preponderance of the medical evidence that the disability complained of is attributed to his industrial accident and (2) if it is, whether the lower court erred in limiting the award to compensation for impairment of a physical function rather than awarding compensation for total and permanent disability ?
Addressing ourselves to the first question, we hasten to point out that the medical evidence contained in the record consists exclusively of reports from physicians who treated or examined the claimant at his request and at the request of the defendants. We summarize the contents thereof as follows:
Dr. E. A. Schexnayder, the treating physician, noted in his report that the plaintiff’s forehead was sutured on the day he was injured and that he failed to return for further treatment or discharge.
The report of Dr. Daniel P. Mclntire reveals that the plaintiff consulted him one week after the accident with complaints of headaches and dizziness and despite twelve treatments the complaints of plaintiff persisted.
Dr. Richard Levy, a neurologist, concluded plaintiff suffered no disability from the industrial accident, although he did find evidence of partial deafness. His examination was made seven months after plaintiff was injured.
Dr. Burr D. Ilgenfritz also opined that the plaintiff suffered a partial loss of hearing but he was unable to determine whether it resulted from the accident. This doctor noted that the plaintiff failed to return to his office for further tests although he had been requested to do so.
Defendant stipulated that neurological testimony could be elicited to the effect that a blow to the head could possibly produce the symptoms complained of by plaintiff. However, this stipulation, coupled with the medical reports, does not suffice to establish that the plaintiff is entitled to workmen’s compensation benefits because there is no competent expert testimony to establish that the disability complained of resulted from the accident. At best plaintiff has established that it is within the realm of possibility that his disability resulted from the job-connected injury, but the burden imposed on him is to prove the causal connection within a reasonable probability.[3] In other words, the plaintiff has failed to prove his case with that certainty that the law requires.
For the reasons assigned, the judgment appealed from is reversed and plaintiff’s suit is dismissed at his cost.
Reversed.

. Pending this appeal, plaintiff died. His widow and minor children have been substituted as parties plaintiff.

. The judgment is based on
“R.S. 23:1221 — Compensation shall be paid * * *
% s}: # # ❖
“(4) * * * as follows:
Sjí 5}í *}* ^
“(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or wbere tiie usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.”

.The record discloses benefits of $35.00 per week were paid for a three w'eek period.

. Beasley v. Service Fdry. Div. of Avondale Ship., Inc., 235 So.2d 139 (La.App., 1970).