BLANCHE, Judge.
Plaintiff, as the surviving dependent widow of James R. Johnson, and on behalf of the minor children born issue of her marriage with the late James R. Johnson, filed this suit for workmen’s compensation death benefits against McGehee Brothers Furniture Company, the employer of her late husband, and Aetna Insurance Company, the workmen’s compensation insurer. From a judgment dismissing plaintiff’s suit, she perfected this appeal. Finding no manifest error committed by the trial judge, we affirm.
The record shows that the late James R. Johnson (hereinafter referred to as “Employee”) was employed by McGehee Brothers Furniture Company of Baton Rouge, Louisiana, (hereinafter referred to as “Employer”) as a rural route salesman and bill collector. Employee was furnished a vehicle by Employer which was used in connection with his soliciting sales on behalf of Employer, delivering sold merchandise to the rural customers and the performance of other duties of employment such as collecting accounts. Employee lived in Plaquemine, Louisiana, and he was not required to return the vehicle from his rural route located primarily in Ascension Parish but instead was authorized and permitted to utilize the vehicle and to return directly to his home in Plaquemine upon completion of his employment duties. The record also shows that Employee was not given any specified or designated hours of employment and was given wide discretion with regard to the use of the vehicle.
Employee was seen at Amedee’s Cafe in St. Gabriel, Louisiana, between the hours of 8:00 P.M. and 8:30 P.M. on the evening of December 15, 1966. Employee was subsequently seen at a bar called The Country Place between the hours of 10:00 P.M. on December 15, 1966, and 12:30 A.M. on the morning of December 16, 1966. The record shows that in order for Employee to go to The Country Place it was necessary that he leave the River Road, which was the road Employee would take on his way home to Plaquemine. Employee was found dead in the Employer’s vehicle which had left the road and crashed into a tree, the estimated time of the accident being 1:00 A.M. on December 16, 1966. At this time Employee was proceeding in a northerly direction along the River Road, that is, in the direction of his home.
The crucial issue of this litigation is whether Employee can properly be held to have been in the course and scope of his employment at the time of the fatal accident. Defendants contend that Employee was engaged on a personal mission outside of the course and scope of his employment, with the result that no workmen’s compensation death benefits are due. Plaintiff contends, however, that assuming Employee had been engaged on a personal mission, he had reentered the course and scope of his employment at the time of the fatal accident by virtue of his traveling in the direction of his home.
We are unable to agree with the arguments proffered by counsel for plaintiff to the effect that the mere fact that Employee was apparently returning home at 1:00 A.M. after having been drinking at a bar, justifies or warrants imposition of liability for workmen’s compensation death benefits under the facts of this case.
The applicable standard to be applied in determining whether an accident and resulting injuries or death arise out of and in the course and scope of employment was summarized by the Louisiana Supreme Court in Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932), as follows:
“In determining, therefore, whether an accident “arose out of” the employment, *743 it is necessary to consider only this: (1) Was the employee then engaged about his employer’s business and not merely pursuing his own business or pleasure; and (2) did the necessities of that employer’s business reasonably require that the employee be at the place of the accident at the time the accident occurred?” (Kern v. Southport Mill, 141 So. 19, 21)
We are of the opinion that the instant case is analogous to the cases of Bush v. Houston Fire & Casualty Insurance Company, 152 So.2d 377 (La.App. 1st Cir. 1963), and Gathright v. Liberty Mutual Insurance Company, 157 So.2d 242 (La.App. 3rd Cir. 1963), certiorari denied, 245 La. 464, 158 So.2d 613, wherein workmen’s compensation benefits were denied for the reason that the accident arose out of and in connection with a personal mission in which the employee was engaged, even though in both cases the employee was furnished the use of the vehicle by the employer and was either returning home or making preparations to return home following the personal mission.
The cases cited by counsel for plaintiff are readily factually distinguishable from the instant case. Counsel for plaintiff cites, for example, Boutte v. Mudd Separators, Inc., 236 So.2d 906 (La.App. 3rd Cir. 1970), but a review of that opinion reflects that in that case the employee was on call twenty-four hours a day, and the accident occurred while the employee was driving the truck from the place of business to his home on Sunday night after the employee had returned to the place of business to pick up the truck to have it available. Employee in the instant case was not on call twenty-four hours a day and was obviously at best returning home from a personal mission consisting of his going to a bar to drink.
The case of Jagneaux v. Marquette Casualty Company, 135 So.2d 794 (La.App. 3rd Cir. 1961), is factually inapposite since the plaintiff-employee in that case was a passenger in a company-owned vehicle being operated by another employee of the employer, and the appellate court held that the passenger could not be held responsible for the slight deviation from the route or the scope of employment where the driver deviated from the employment and engaged in a personal mission.
Plaintiff’s reliance on Johnson v. Wallace Industrial Constructors, 224 So.2d 31 (La.App. 1st Cir. 1969), is inappropriate, as the deceased employee was admittedly returning either toward the jobsite or in the direction of his home following the completion of a special mission at the direction of the employer. The record in the instant case indicates no such special mission having been required by Employer of Employee, nor was Employee in the instant case heading toward the jobsite or place of employment for the commencement of another day’s work at the time of the fatal accident.
The final case relied on by counsel for plaintiff is Welch v. Travelers Insurance Company, 225 So.2d 623 (La.App. 1st Cir. 1969). This case is factually inapposite, however, for the reason that it deals with an employee who was paid additional compensation for the use of his vehicle in connection with the discharge of his employment duties, that is, furnishing transportation for other employees, and also involved employment which required the deceased employee to live away from his home, thereby exposing the employee to the hazard of travel, which hazard the employee would otherwise have the option of avoiding.
Our review of the record fails to disclose where the trial judge committed any manifest error in finding that Employee was not in the course and scope of his employment at the time of the fatal accident. The record is devoid of any evidence indicating in what manner Employer was benefited by Employee’s going to The Country Place at the late night hours of December 15, 1966, and the early morning hours of December 16, 1966. Instead, the logical *744 conclusion is that this was simply and purely a personal mission for the benefit of the deceased. Similarly, the record fails to disclose how Employee was in any way engaged in a mission for the use and benefit of his Employer at the time of the fatal accident or that he was doing anything other than merely possibly returning home from the evening at the bar. The particular facts of the instant case simply do not warrant imposition of liability for compensation benefits upon defendants.
The judgment appealed from is affirmed, with all costs of this appeal assessed to plaintiff.
Affirmed.