FRÜGÉ, Judge.
This is a workmen’s compensation suit instituted by Freemont Launey, Jr. against his employer Lawton Forest Products, Inc. and its insurer, Cottonbelt Insurance Company. Judgment was rendered in the trial court in favor of the plaintiff and against defendants for total and permanent disability at the rate of $49.00 per week for 500 weeks from the date of injury, plus legal interest from date of demand, less benefits already paid by defendants to plaintiff. Defendants have appealed from this judgment and we affirm.
On March 1, 1973 the plaintiff Launey was working for Lawton Forest Products, *902 Inc. as a pulpwood harvester. Launey’s work entailed using a power saw weighing SO to 75 pounds for 3 or 4 hours a day, using an ax intermittently to trim wood, and loading the harvested wood on a truck. The loading involved maneuvering heavy pieces of timber weighing from 50 to 300 pounds by using a “grabhoolc” or “grab-pole”. The loading operation consumed 5 or 6 hours of the work day.
The plaintiff sustained an injury to his right thumb when he attempted to prevent a log from rolling off of the truck which he was loading. Plaintiff left the work site and obtained permission to see a doctor. He then went to the office of Dr. Joseph R. Lee who is a general practitioner in Mamou.
Dr. Lee examined plaintiff and took several x-rays of the thumb. The x-rays revealed that there was no fracture but Dr. Lee did feel that plaintiff had sustained a sprain of the metacarpal phalangeal joint of the right thumb. Dr. Lee saw the plaintiff again on April 2nd and referred him to Dr. J. Frazer Gaar who was an or-thopaedic specialist in Opelousas, Louisiana. Dr. Lee testified that he referred Launey to Dr. Gaar because the injury “wasn’t doing satisfactorily . . . . ”
Dr. Gaar first saw Launey on April 11, 1973. Dr. Gaar performed a physical examination and found that Launey was suffering from pain in the metacarpal phalan-geal joint or first joint of the thumb. X-rays showed a mild dislocation of the joint and a probable tear of the radial collateral ligament. Dr. Gaar stated that the thumb was unstable from the injury and that Launey would probably continue to have pain and disability in the thumb because of the unstable condition.
Dr. Gaar placed the thumb in a cast to immobilize the joint. On April 30 Launey returned and no improvement was shown. Dr. Gaar then recommended a fusion of the joint which was done in St. Landry Hospital on May 3rd. The fusion involved removal (excision) of the cartilage surrounding the metacarpal phalangeal joint and fixing the joint in place with wire until the bones fused solid. Following the operation Launey was released from the hospital in a cast.
Dr. Gaar saw Launey on May 30th and he appeared to be making good progress. On July 16th, after another visit, Dr. Gaar removed the cast and the wire. On August 13th x-rays showed the fusion to be almost solid. Launey had no movement of the joint and complained of no pain. On October 3rd Launey came to Dr. Gaar’s office and was discharged. Dr. Gaar stated that the thumb fusion was solid and that Launey “had reached a plateau as far as the thumb injury and fusion were concerned.”
Dr. Gaar discharged Launey with a 25% permanent physical impairment and loss of physical function of the right hand as a result of the injury.
During the period from the date of the accident until the date, of discharge Launey was receiving workmen’s compensation benefits in the amount of $49.00 per week. On November 15, 1973 a check for $25.00 representing two weeks payments was forwarded to Launey’s attorney. The check was returned with an explanation that the amount was insufficient. It was stipulated that additional drafts representing payments of $12.50 per week were prepared but not forwarded to Launey or his attorney because of their refusal to accept the first draft for $25.00.
On November 13, 1973, a little over a month after he was discharged by Dr. Gaar, Launey-saw Dr. Rodney Landreneau. Dr. Landreneau is a general surgeon practicing in Eunice, Louisiana. Dr. Landre-neau testified that Launey complained of a lack of strength in his right hand grip and of severe pain in gripping an object. Dr. Landreneau examined Launey and found a slight decrease in flexion of the thumb and a weak grip when compared to the left hand.
*903 Dr. Landreneau found that the fusion of the metacarpal phalangeal joint was not complete. He found flexion was limited in the thumb about 10%. Dr. Landreneau further stated that if he were examining Launey for work as a pulpwood harvester he would approve him for this type of work but with the limitation that he would have about 50% disability of the right hand as far as using a loader and a power saw was concerned.
Dr. Joseph R. Lee who was the general practitioner first seen by Launey also testified at the trial. Dr. Lee examined Lau-ney on March 1st, the day of the accident, on April 2nd and again on the day of trial, May 27, 1974. Dr. Lee stated that from his examination the day of trial he found the joint in Launey’s thumb was definitely fused and that he could find no tenderness to pressure in the area. He determined that the grip was diminished due to incomplete ability to encircle a circular object. Dr. Lee further testified that Launey would be at a definite disadvantage in doing pulpwood harvesting and that he would not be able to fully participate in that work like someone without the injury.
The plaintiff Launey testified that he still experienced pain in the thumb particularly when holding a vibrating object like a power saw. Mrs. Launey testified that her husband continually complains of pain in the thumb and that the handicap could be noticed in tasks he performed around the house. She stated that he has been unable to mow the lawn since his injury because the vibration caused pain in his thumb.
The only witness called by the defendants was Wilfred West. West testified that he worked with Launey (after the injury) for L. H. Bossier Construction Company. He stated that Launey was hired as a flagman but that he sometimes helped shovel asphalt. West testified that sometimes the work got hard but that most of the time it wasn’t hard.
Appellants contend that the trial court erred (1) in rejecting the testimony of the treating physician Dr. Gaar that plaintiff was not suffering any pain and could return to his former employment; (2) in holding that the employee was working in substantial pain and concluding he was permanently and totally disabled; and (3) in holding that the employee suffered a 50% loss of use of the right hand.
With regard to the first alleged error it is clear from a reading of the reasons for judgment that the testimony of Dr. Gaar was considered. The trial court specifically noted that Dr. Gaar found a 25% disability of the right hand and that, despite this, Launey could return to his work. Dr. Gaar did testify that he could find no physical reason why Launey would experience pain in the thumb but he could not positively state that no pain in fact existed. We therefore do not find that the testimony of Dr. Gaar was rejected.
We also find no error with the trial court’s conclusion that Launey was totally and permanently disabled. There is ample evidence in the record from which the trial court could so conclude. Though Dr. Gaar was of the opinion that Launey could return to work he did give him a 25% disability of the right hand. Dr. Lan-dreneau estimated the disability at 50% of the hand for purposes of Launey’s former work. Both Launey and his wife testified as to the pain and difficulty Launey had in gripping circular objects. The trial judge observed plaintiff’s hand and noted a weakened grip.
Appellant contends that the testimony of the treating physician is entitled to great weight. This is certainly correct. See Moulard v. Massman Construction Co., 209 So.2d 742 (La.App. 3rd Cir. 1968). However where this is conflicting medical evidence lay testimony is entitled to great weight. Johnson v. Cajun Enterprises, 293 So.2d 617 (La.App. 3rd Cir. 1974); Reason v. Joan of Arc Co., 285 So.2d 332 (La.App. 3rd Cir. 1973).
*904 Considering all of the evidence we cannot say that the trial court erred in finding that Launey’s injury placed him out of the labor market for the type of work he was doing at the time of the accident.
For the reasons assigned the judgment of the trial court is affirmed. Costs are assessed to defendant-appellant.
Affirmed.