EDWARDS, Judge.
Plaintiff-appellee sued for workmen’s compensation benefits alleging total arid permanent disability. The trial court rendered judgment in favor of plaintiff-appel-lee, awarding benefits of $49.00 per week, not to exceed 500 weeks, and medical expenses and costs. This appeal followed.
Appellant primarily contends that the lower court erred in holding that appellee's disability is total and permanent within the intendment of the Workmen’s Compensation Act. The issues presented are (1) whether appellee is a skilled worker; (2) if so, whether he is able to continue in his occupation following the 'injury; (3) whether he is limited to recovery for specific loss under RS 23:1221(4) rather than compensation for permanent and total disability.
The facts as found by the trial court show:
Appellee was injured in an automobile accident on February 16, 1972 while in the course and scope of his employment. He sustained a cerebral contusion, cuts and bruises on his head and face, and temporary amnesia. He was hospitalized for eleven days and released.
Dr. Thomas B. Flynn, neurosurgeon, treated appellee on the day of the accident and saw him again on March 3 and March 24, 1972. Dr. Flynn stated that appellee complained on March 3 of a “ringing in his right ear” and on March 24 of some blurring of vision. At that time he told appellee he might return to work on a part-time basis.
Appellee returned to work but continued to have difficulties with his hearing and vision. On recommendation of his employer, he consulted Dr. Homer D. Kirgis, neurosurgeon, on May 24, 1972. Dr. Kirgis concluded appellee had sustained a cerebral contusion which explained his hearing and vision problems. He last saw appellee on February 3, 1973, at which time appellee was found improved yet neurologically deficient in three respects: some unsteadiness in balance, ear noises and diminished hearing, and a slight nystagnus (an involuntary jerking movement of the eyes). These, in Dr. Kirgis’ opinion, represented permanent deficits.
Dr. Robert H. Cox, specialist in otolar-yngology, was recommended to appellee by Dr. Kirgis for his hearing problem. Dr. Cox’s examination and tests revealed ap-pellee had virtually no hearing in the right ear, normal in the left. He stated appellee complained of loud tinnitus (ringing) in his right ear and dizziness. To reduce the noise, Dr. Cox suggested a destructive lab-zzyrinthectomy, in which the inner ear is completely destroyed to eliminate tinnitus and dizziness. The operation was performed with some success; the tinnitus was reduced to appellee’s relief.
The trial court summarized the uncontra-dicted medical evidence as follows: (1) ap-pellee has total loss of hearing in right ear; (2) his remaining hearing in his left ear is adversely affected by the reduced 'yet continuing noise in his right ear; (3) he has permanent neurologic deficits in the form of impaired vision (nystagnus) and slight unsteadiness.
Before the accident, appellee was employed as a manager of a large food store, where he had a long history of success in this occupation.. There is no question but that such a managerial position constitutes skilled, rather than unskilled or common, labor within the intendment of the Act.
We next consider the nature of appellee’s disability. A worker is permanently and totally disabled when his injuries incapacitate him from performing work of the same or similar nature which he is accustomed to performing. Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9; Castile v. H. E. Wiese, Inc., 231 So.2d 406 (La.App. 1st Cir. 1970). In *271 this regard, i. e., the determination of disability, appellant contends the trial' court erred in considering lay testimony of ap-pellee and of his former employer concerning his postinjury ability to perform satisfactorily his duties as store manager. We agree with appellant that, as a general rule, lay testimony will not be considered in this context where there is no material conflict in the medical evidence. See Lee v. Royal Indemnity Co., 149 So.2d 606 (La.App. 1st Cir. 1963). However, where the medical evidence is inconclusive, lay testimony maybe considered. Jackson v. Phoenix Insurance Co., 252 So.2d 511 (La.App. 4th Cir. 1971).
The lay testimony was properly considered by the trial court below. While there is no disagreement among the three doctors that appellee in fact suffers from permanent disabilities, there is neither any common conclusion that these disabilities will not hinder appellee from returning to his former calling. Dr. Flynn testified (hypothetically, since all of appellee’s complaints had not been manifest at the time of his last examination) that, if the tinnitus, unsteadiness, headaches and blurred vision were present to a significant degree, the appellee could not have returned and operated the grocery store. Later examinations by Drs. Kirgis and Cox found these deficiencies apparent. Dr. Kirgis stated that he did not think the unsteadiness or nystagnus would prevent the appellee from performing his duties, but he did not opine relative to the hearing loss. In regard to the diminished hearing, Dr. Cox felt that compensation for and adjustment to the disability depended on the individual; he could not say whether appellee could successfully renew his former occupation, but thought that it would do no harm to try.
Appellee testified that heTiad problems communicating with people following his re-employment and that his hearing problem often left him confused in attempting to conduct the business. Mr. Paul LeBlanc had employed appellee but discharged him after a few months. He testified that ap-pellee had problems communicating with both fellow employees and customers. Le Blanc stated that appellee could no longer handle the store successfully.
We are convinced that appellee, as a result of his injuries, is not capable of performing the duties of food store manager, his former occupation. Where a worker suffers such total disability, he is entitled to compensation on that basis rather than being limited to recovery under RS 23:1221 (4) (p) even though the disability arose from one of the specific losses in that schedule. Barr v. Davis Brothers Lumber Co., 185 La. 1013, 165 So. 185 (1935); Jackson v. Phoenix Insurance Co., supra; Malone’s Treatise on Louisiana Workman’s Compensation Law and Practice, pp. 352-53, Sec. 279.
The decision of the trial court is therefore affirmed at appellant’s cost.
AFFIRMED.