CHIASSON, Judge.
This is an action in workmen’s compensation. On June 12, 1974, plaintiff, Gerald Minor, while employed as a Lieutenant in the Berwick Police Department, accidentally discharged his revolver and injured his left hand while at home. He claimed total and permanent disability under the Louisiana Workmen’s Compensation Act. Judgment was rendered in plaintiff’s favor and against the defendants, United States Fidelity & Guaranty Insurance Co. (U.S.F. & G.) and the City of Berwick, in solido, decreeing that plaintiff is entitled to weekly compensation of $65.00 per week for 500 weeks, subject to a credit of 23 weeks previously paid by defendants.
The defendants have taken a suspensive appeal; the plaintiff has not answered nor has he taken an appeal.
*1050 The defendants contend that the trial court erred in its finding that plaintiff’s injury was incurred in the course and scope of his employment as a police officer, and in its finding that plaintiff is totally and permanently disabled.
The record herein amply supports the findings of the trial court which we adopt as our own:
“Minor’s uncontradicted testimony was that he worked as an investigator for the Berwick City Police, was always ‘on call’ for such, usually ‘backed up’ patrolmen with problems (performing patrol work himself, occasionally), and normally was armed with a pistol.
“At the time of his employment, the vast majority of patrol responses were to barroom complaints; such responses, which he was called upon to back-up, required the use of his hands in handling people subject to arrest. On returning to work he found he was unable to use his left hand for that purpose.
“He thereupon left the Berwick Department (voluntarily) to go to work for the St. Mary Parish District Attorney’s office as an investigator, for better pay and under better conditions. The new job does not require physical contact as the prior job did.
“The doctor’s deposition pointed out both muscle atrophy and nerve damage, which made his left hand grip somewhat weak (loss of about 25%) and uncoordinated, and incapable of making a sustained physical effort. For example, if he grabbed someone by the clothes, they could get away from him; if he struck someone with his injured hand, he would experience substantial pain.
“John Schexnayder, patrolman, testified that Minor was always called as ‘back up’ in case of trouble. In such cases it is often necessary to hold or handle people, and Minor could no longer be depended upon to give the same physical help as he did before because of his weak hand. “Wilbert Nini, Chief of the Berwick Police Department at the time of Minor’s injury, testified that officers in Berwick are called upon for such physical activity.
“Chief Wright (of the St. Mary Parish Sheriff’s Department) testified that a ‘line policeman’ must have a ‘good pair of hands’; he would not hire someone who did not; and the cut-off point is ‘whether a man can handle the situations he is called upon to handle, and give his partner adequate support. . . . ’
“From the above, the Court concludes readily that Minor’s injury prevented him from doing work which he was customarily called upon to do prior to his injury to the extent that, under the Louisiana Workmen’s Compensation Act, he was totally and permanently disabled.
“The question of whether or not the Plaintiff was within the course and scope of his employment at the time of the accident is more difficult.
“Minor’s testimony showed that the night before the accident he had been involved in various arrests, not getting home until about 3:30 A.M. Normally he would have remained off duty until his shift the next day (2 P.M. until midnight) but, to process those cases, he had returned to the office at 8 A.M. While there, because of some personnel shortage, at the request of his superior he continued working through the morning, even eating lunch at the station. At approximately 1:30 P.M., he left the Department to go home to change clothes. This was because of a departmental rule that personnel should wear uniforms when on public duty. He had arrived in the morning in his jumpsuit, expecting simply to perform paper work in connection with the prior night’s arrests; had remained at the office to work at the request of Chief Nini, not changing because he would remain within the departmental office; and, only because he would be subject to patrol duty or outside call beginning with his regular shift at 2 P.M., then went home to change into uniform.
“While home, because he normally unloaded his pistol at any time it was in the house, he loaded it again while re-dressing and this time accidentally discharged it and suffered the injury in question.
*1051 “The Court concludes that this was not a situation in which Minor, who was on duty at the Department, left for personal reasons anticipating to return to resume duty. He was at work, and left solely in response to a departmental policy requirement. A departmental policy is in the nature of a standing order, and a person acting in response to a superior’s orders is in course and scope of employment. Jackson v. Long [La.App.], 289 So.2d 205 (1974). . . .
“The Court concludes that, under the circumstances, the plaintiff was within the course and scope of his employment at the time of the accident.”
The trial court’s decision is in accordance with the law and the applicable jurisprudence. La.R.S. 23:1031 and 1221; Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932); Johnson v. McGehee Brothers Furniture Company, 256 So.2d 741 (La.App. 1st Cir. 1971), writ refused 260 La. 1132, 258 So.2d 380; Denoux v. Hartford Accident & Indemnity Company, 336 So.2d 268 (La.App. 1st Cir. 1976), writ refused; Rutherford v. Dixie Concrete, Inc., 222 So.2d 508 (La.App. 4th Cir. 1969), and Launey v. Lawton Forest Products, 309 So.2d 901 (La.App. 3rd Cir. 1975).
The Judgment of the trial court is therefore affirmed at defendants’ costs.
AFFIRMED.