275 So.2d 878 (1973)
Doris Eiermann BORDELON, Individually, and as the Administrator of the Estate of her minor children
v.
TULANE INDUSTRIAL LAUNDRY, INC. and the Phoenix Insurance Company.
No. 5610.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1973.
Rehearing Denied May 1, 1973.
Porteous, Toledano, Hainkel & Johnson, James L. Donovan, New Orleans, for defendants-appellants.
Windhorst, Heisler, De Laup & Wysocki, Henry L. Klein, New Orleans, for plaintiff-appellee.
Before REDMANN, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
This is an appeal from a judgment awarding death benefits under workmen's compensation as a result of injuries received in an accident which occurred on *879 April 21, 1967 when the decedent, Alton H. Bordelon, was driving his laundry truck while in the course and scope of his employment. Defendants seek reversal on the ground that the death was not accident connected but resulted from the decedent's obesity and complications caused therefrom.
The injuries sustained by Bordelon were a deep skin abrasionleft arm, an abrasion of the dorsumleft hand, contusion with ecchymosis left lower rib areamid-auxiliary line, cellulitis[1] of the abdomen wall. Bordelon died November 23, 1967, at the age of 34.
The autopsy report showed that death resulted from the following conditions: a blood clot in the mesenteric and portal vein causing deterioration and death of the lower bowel and upper colon; an inflammation of the abdominal wall; congestion in the liver, spleen and kidney resulting from high blood pressure causing enlargement of the heart muscle; fatty metamorphosis of the liver; marked obesity (380 pounds); Pickwickian syndrome (clinical), i. e., inadequate function of the lung resulting in drowsiness and sleepiness; fluid in the lungs and legs.
The record shows that Bordelon, although obese, was active and healthy until April 21, 1967, when he suffered, in the accident, a severe blow to his abdomen. From that date forward, a man with no prior medical problems began a downhill trek toward his death. His deterioration from the date of the accident was constant and consistent.
Bordelon was first seen by Dr. A. N. Houston on April 21, 1967. Conservative treatment with the use of antibiotics resulted in no improvement. Although Bordelon had returned to his former employment subsequent to the accident, because of his failure to respond to treatment, he was ordered by Dr. Houston on May 17, 1967, to discontinue work. A report by Dr. Houston indicated that Bordelon on May 29 was "not making progress so far as his abdominal wall is concerned."
Examination by Dr. Fortunato J. Padua on July 29 revealed an infection of both ears. He found, further, wheezing in the chest as well as the abdomen tender to digital palpitation. There were two hard masses about the size of small pecans over both rectus abdominis muscles, which, according to Dr. Padua, was possibly the result of previous hematoma. It was his opinion that the trauma to the abdomen leaving the decedent with the large masses caused internal injury to the portal vein and internal organs resulting eventually in the portal thrombosis. The trauma, in his opinion, is connected to the thrombosis. Further examination by Dr. Padua on August 14 revealed that Bordelon was suffering from "congestive heart failure". Dr. Padua suggested further examination by an internist.
Dr. Henry K. Threefoot, an internist, saw the decedent on August 18 and 20. He found swelling of the abdomen and difficulty in breathing. On his advice, Bordelon was hospitalized on August 27, 1967 and treated with a system of diuretics and dehydrates to remove fluid. He was discharged on August 31. At that time, Bordelon weighed 357 pounds. Dr. Threefoot was of the opinion that there is causal connection between the injury to the abdomen causing the infection resulting in the portal vein thrombosis, which, according to the autopsy report, was one of the causes of death. He explained that the cause of the portal vein thrombosis is most commonly infection in the area of the abdomen, particularly the umbilicus (navel) area frequently associated with fluid in the abdomen.
His testimony was supported by that of Dr. Sidney Jacobs, also an internist, who indicated that such a trauma as suffered *880 by Bordelon could set in motion a chain of events resulting in his death. According to Dr. Jacobs, Bordelon's symptoms are consistent with Pickwickian syndrome, particularly in view of Bordelon's limited mobility subsequent to the accident. It was this expert's opinion that an evolution of conditions culminating in Pickwickian syndrome caused the death and can be traced to the accident on April 21.
However, Dr. M. Bert Myers, Associate Professor of Surgery at L.S.U. School of Medicine, is of the opinion that there was no connection between the accident and the decedent's death. He explained that the death of Bordelon resulted from a blood clot in the vein caused by the thickening of the walls of the blood vessel occluding the blood supply, thereby causing the intestine to die. The reasons for this condition, according to Dr. Myers, was Bordelon's obesity.
The record is clear that Bordelon suffered from obesity and that this condition contributed, in some measure, to complications resulting in death. Perhaps a similar fate may not have befallen one not so overweight. Nevertheless, it is well established in our jurisprudence that an employer "takes an employee as he finds him."[2]
This case is one of credibility and weight of the evidence. The trial judge, after hearing and weighing the evidence (largely medical) concluded there was causal connection between the accident and the death of the employee.[3] The record, we believe, supports that conclusion. Accordingly, the judgment is affirmed. Costs are to be paid by appellants.
Affirmed.
NOTES
[1] Cellulitis, according to Dr. Henry Three-foot, an internist who testified, is an inflammation or infection of the tissue immediately beneath the skin.
[2] Norred v. Travelers Insurance Company, 236 So.2d 637 (La.App.2nd Cir. 1970).
[3] Beasley v. Service Fdry. Div. of Avondale Ship., Inc., 235 So.2d 139 (La.App. 4th Cir. 1970).