337 So.2d 624 (1976)
Hanfred LACHNEY and the Travelers Insurance Company
v.
EMPLOYERS COMMERCIAL UNION INSURANCE COMPANIES.
No. 7736.
Court of Appeal of Louisiana, Fourth Circuit.
September 2, 1976.
Rehearing Denied October 13, 1976.
Leach, Grossel-Rossi & Paysse, Michael A. Britt, Richard N. Dicharry, New Orleans, for Travelers Ins. Co., plaintiff-appellant-appellee.
Drury, Lozes & Curry, Madison C. Moseley, James H. Drury, New Orleans, for Northern Assurance Company of America, defendant-appellant-appellee.
Before SAMUEL, LEMMON and BEER, JJ.
SAMUEL, Judge.
This is a suit for a declaratory judgment. Plaintiffs allege a dispute has arisen as to which of two insurers, The Travelers Insurance Company, a petitioner herein, or Northern Assurance Company of America,[1] the defendant, is responsible for workmen's compensation benefits which may be due to Lachney as a result of injuries sustained in the course and scope of his employment with Sidney Prats Sheet Metal Works. The *625 prayer is for judgment declaring which insurer (or both) is liable.
Following trial, there was judgment holding both insurers liable in the proportion of 50% each for compensation and medical benefits due or to become due as a result of an accident which occurred on August 21, 1974. Both insurers have appealed.
Lachney, a sheet metal worker, was injured while in the course and scope of his employment on March 27, 1974, at which time Travelers was the compensation insurer of his employer, Prats. He suffered either a reoccurrence of the first injury or a new injury while in the course and scope of his employment on August 21, 1974, at which time Northern Assurance was compensation insurer of his same employer, Prats.
Testimony relative to the injuries in suit was given by Lachney, Dr. J. Browne LaRose, Jr., a general practitioner, and Dr. Claude S. Williams, an orthopedic specialist.
Lachney testified: While moving a scaffold on Thursday, March 27, 1974, he heard his spine "pop". He continued to work until the following Monday when he consulted Dr. LaRose, who treated him for three weeks, during which time he was sore, but continued to improve. After his last visit on April 1, he went to work for another employer for five weeks. He returned to Prats in June, doing the same work he had done prior to the March 27 injury but with some constant "soreness". On August 21, 1974 he felt a "bone rubbing" and hot flash in his back while assisting two other men lift and move a 75 pound duct. The next day he went back to Dr. LaRose who referred him to Dr. Williams. He was hospitalized at that time and an operation was performed on September 6. On May 27, 1975 he returned to work doing the same type of work he had previously performed, but in pain.[2]
Lachney stated the pain in August was different from that he experienced in March. There had been no hot flash or rubbing of bones associated with the first incident, nor had he previously had pain, as he had following the August incident, in the muscles of his legs and thigh.
Dr. LaRose testified: He first saw Lachney on April 1, 1974 for injuries to his lower back sustained on March 27. A routine examination revealed a marked degree of muscle spasm, but plaintiff was too tender and painful to be examined completely. His injury was diagnosed as acute lumbosacral strain. He was given analgesics and muscle relaxants, and started on daily physiotherapy. He was seen on April 4 at which time he still had muscle spasms, but was improving and continued to improve when examined on April 9 and 19. On the latter date, his last visit, he had a full range of motion, no complaints of pain and no muscle spasms. He was given postural exercises for his back and advised to return to work, and to return to the doctor for further evaluation the following week. When he did not return. Dr. LaRose assumed he was doing well. At no time during this entire period did he have any complaints relative to his arms or his legs, and there was no evidence of a ruptured disc. No x-rays were taken. Lachney returned on August 22 with complaints of back pain. He did not describe any new incident or injury. Examination on that date revealed spasms not as marked as those in March and forward flexion to only 50%. He was referred to Dr. Williams.
Given his history of continued back soreness over the entire period beginning in March, Dr. LaRose was of the opinion that Lachney's later back problems related to the March incident. Although a disc syndrome would not be expected to improve within a three week period, the fact that Lachney continued to have pain after returning to work reinforced this doctor's opinion that the disc condition resulted from the March accident. He indicated that after a lumbosacral strain a patient is *626 prone to get a reoccurrence even from a relatively minor injury, such as a twist, or even a sneeze. He also stated there is a close line of demarcation between a diagnosis of an acute lumbosacral strain and a lumbar disc condition.
Dr. Williams testified: When first examined on August 22, 1974 Lachney complained of pain in his lower back and discomfort extending into his right leg. He told this doctor he was injured in March while picking up a heavy object and that the pain had never resolved itself even after his return to work, but it was much improved until August 21. On that date he noted a sudden pain in his right lower back and numbness in his right leg. Examination disclosed a list to the left of plaintiff's trunk, limitation of lateral bending to the right, and limitation of flexion at his waist. X-rays indicated a ruptured lumbar disc.
He was hospitalized, placed in traction for two weeks, and then surgery was performed for the ruptured disc. Dr. Williams was of the opinion the second incident on August 21 either aggravated or actually caused the ruptured disc, since the pain in the lower right extremities was not present prior to that time. From his examination and surgery it was apparent to him that Lachney's condition had been present for some time, but he was unable to say for how long. However, the rupture itself looked relatively recent. He was of the opinion the disc problem was not present in April or May because, if it had been present, he felt Lachney could not have been able to do much work, or even any "walking around", following his return to work during the period between the March and August incidents.
Dr. Williams found a small piece of bone attached to the disc, which is unusual. It was a large fragment completely extruding out of the disc, pinching the nerve. This was probably of a few weeks duration and he did not think it had been present four months prior to the September operation. This doctor felt it possible the March incident could have mashed the disc or caused the central part of the disc to extrude, but as long as the disc was not pressing on the nerve the chances are that the patient would not have pain in his leg.
From Lachney's history, it appeared to Dr. Williams that the disc did not extrude in March and that this likely happened on August 21. Although continued complaints of soreness in the back following the March incident could be indicative of something more severe than lumbosacral strain, it appeared unlikely that the work Lachney performed following the March incident could have been done with a disc involvement, since any activity of daily living, even tying shoes or lifting a suit case, could be enough pressure to cause the disc to rupture while it was sitting in a precarious position.
It is Travelers' position that any compensation benefits due are the obligation of the defendant, since the back condition is due to the incident of August 21, 1974. The defendant's position is that any compensation due is the responsibility of Travelers, since the back problems are due to the incident of March 21. We do not agree with either contention.
While an employer takes an employee as he finds him for purposes of the Workmen's Compensation Act,[3] our settled jurisprudence is that where two or more accidents are contributing causes of the disability, the employers and their insurers at the times of those accidents are solidarily liable for the payment of compensation.[4]
In the instant case the trial judge found that both the March and the August accidents contributed to Lachney's present condition. We agree with that finding. Accordingly, we affirm but amend to the extent of making the insurers solidarily liable.
*627 For the reasons assigned, the judgment appealed from is amended and affirmed and recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that, only insofar as the injuries in suit and the present dispute between The Travelers Insurance Company and Northern Assurance Company of America are concerned, there be judgment declaring Travelers Insurance Company and Northern Assurance Company of America liable in solido for whatever compensation and medical benefits may have been due and may continue to become due to plaintiff, Hanfred Lachney, from and after August 21, 1974. All costs in both courts are to be paid by Northern Assurance Company of America.
AMENDED AND AFFIRMED.
NOTES
[1] The defendant originally named was Employers Commercial Union Insurance Companies. However, the proper defendant later was determined to be Northern Assurance Company of America.
[2] Lachney also testified Travelers has paid all medical and compensation benefits due from March 27, 1974 until May, 1975 (apparently not as an admission of liability, but to protect itself from penalties and attorney's fees).
[3] Roberson v. Liberty Mutual Insurance Co., 316 So.2d 22; Carter v. Avondale Shipyards, Inc., La.App., 308 So.2d 472; Bordelon v. Tulane Industrial Laundry, Inc., La.App., 275 So.2d 878.
[4] Scott v. Hartford Accident & Indemnity Company, La.App., 302 So.2d 641, and Carter v. Tri-State Insurance Company, La.App., 259 So.2d 433, and cases cited therein.