417 So.2d 122 (1982)
Verna Marie Delozia DIXON, Individually and as Natural Tutrix of Sheila Ann Delozia, Plaintiff-Appellant,
v.
John WINSTON, Sr., Defendant-Appellee.
No. 8860.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
Harrington & Harrington, C. Rodney Harrington, Natchitoches, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, Victor H. Sooter, Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
Plaintiff, Verna Marie Delozia Dixon, individually and as natural tutrix of Sheila Ann Delozia, instituted this suit against the defendant, John Winston, Sr., seeking damages resulting from a battery allegedly committed on the person of Sheila Ann by Winston's minor son, John Winston, Jr. The incident giving rise to this suit occurred on November 10, 1980 at Natchitoches Central High School in Natchitoches, Louisiana. After evaluating the testimony of the numerous *123 eyewitnesses to the incident, as well as that of the parties, the trial court rendered judgment in favor of defendant and against the plaintiff, and dismissed plaintiff's suit. Thereafter, plaintiff moved for a new trial, however, her motion was denied by the trial court. Plaintiff now appeals the judgment of the trial court rejecting her demand for damages. The defendant has neither answered plaintiff's appeal nor appealed from the aforesaid judgment.
The sole issue on appeal is whether the trial court clearly erred in concluding that the defendant is not liable for the injuries sustained by plaintiff's minor daughter.
On November 10, 1980, Sheila Ann Delozia, plaintiff's minor daughter, a fifteen year old student at Natchitoches Central High School at the time of trial, was preparing to have lunch in the school cafeteria. Sheila approached the table where she usually sat each day for lunch and noticed that John Winston, Jr., defendant's minor son, was sitting in her regular place. The record reflects that Sheila instigated a rather heated, profane verbal exchange with John regarding the seating arrangement. The aforesaid altercation culminated in Sheila's threat to slap John. Immediately thereafter, John moved from his seat and sat in a chair located further down the table where he continued to eat his lunch. After finishing his meal, John approached Sheila, tapped her on her shoulder, and inquired regarding why she became so hostile and physically threatening earlier. Sheila responded by instructing John to leave her alone. The testimony regarding what transpired next is in conflict. John testified that Sheila quickly turned around in her chair wielding a fork and thereafter struck him in his right side with the utensil. John stated that he struck Sheila's face with his fist in an unthinking reaction-type response to being hit. In contrast, Sheila testified that she merely turned around in her chair and struck at John with her hand, not the fork. Eyewitnesses testifying at the trial presented seriously conflicting and irreconciable testimony not only as to Sheila's actions but also as to the manner in which Sheila was hit by John. As a result of the incident, Sheila sustained a large blowout fracture of the bone surrounding her left eye. Ultimately, surgery was required to correct Sheila's injury.
An accurate statement of the law pertinent to battery cases in Louisiana is found in Tripoli v. Gurry, 218 So.2d 563 (La.1969) wherein our Supreme Court stated:
"It is correctly stated in Alexander v. McCray (La.App.), 190 So.2d 463 that `the law is well settled in actions for damages for battery that a plaintiff cannot recover damages for such battery if the evidence establishes that he is at fault in provoking the difficulty in which the injury complained of is received. See Oubre v. Judice [et al.] (La.App., 1962) 147 So.2d 745, and the cases therein cited.' Also pertinent are Stothart v. Louisiana-Arkansas Railway Company, 127 La. 409, 53 So. 668 and Johnson v. Princeville Canning Company et al. (La.App.), 205 So.2d 449.
It is equally well settled that even where there is an aggressive act, justifying a battery, the person retaliating may use only so much force as is necessary to repel the aggression; and that if he goes beyond this, he using force in excess of what would have been reasonably necessary, he is liable for damages for injury caused by the employment of such unnecessary force. Oakes v. H. Weil Baking Company et al., 174 La. 770, 141 So. 456, Whittington v. Levy (La.App.), 184 So.2d 577, Bauman v. Heausler (La.App.), 188 So.2d 189 and Mut v. Roy et al. (La.App.), 185 So.2d 639.
Of course, each case depends on its own peculiar facts and circumstances; and resort must be had to the evidence to determine who was the aggressor and whether more force than necessary was used to repel the aggression."
In rendering judgment for the defendant, the trial court made the following factual findings:
"... taking into consideration the overall posture of this situation it appears to the Court that this was a two way incident *124 caused by the provocation of Sheila Ann Delozia and the reaction to that provocation by John Winston, Jr. I find that Sheila Ann Delozia cursed John Winston, Jr. and while not inflicting serious bodily harm did strike him with a fork in the lunch room of Natchitoches Central High School, which provocation caused John Winston, Jr. to react, striking Sheila Ann Delozia in the face. The testimony of the different witnesses to this striking and to the fork incident was rather confusing. No two persons who testified as to being eye witnesses to the incident testified identically, which is not unusual in a situation such as this type. But considering the overall picture I find that Sheila Ann Delozia provoked and participated in the incident to the extent that it acts as a bar to her right to recover in this matter...."
So oft repeated, it has become a Louisiana jurisprudential maxim, that before a reviewing court can disturb the factual findings of a trial court, it must conclude that such findings by the trier of fact are manifestly erroneous and have no reasonable factual basis in the record. Perniciaro v. Brinch, 384 So.2d 392 (La.1980). It is equally well settled that a trial judge is in the best position to determine the credibility of witnesses and where testimony is in serious conflict and the resolution of questions necessarily depends on an evaluation of such credibility, great weight must be granted to the decision of the trial court. Correge v. Webb, 284 So.2d 355 (La.App. 4th Cir. 1973), writ refused, 286 So.2d 664 (La.1973); Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La.App. 4th Cir. 1972); Curole v. Acosta, 303 So.2d 530 (La.App. 1st Cir. 1974).
Our review of the testimony and evidence confirms as correct the trial court's conclusion that Sheila provoked the incident at issue. There is no conflict in the record regarding her instigation of the verbal altercation which culminated in her injury. In addition, we conclude, as did the trial court, that John's striking of Sheila was an involuntary reflex reaction to her attack and did not constitute the use of unreasonable force under the circumstances. There is no dispute regarding the immediacy of John's response to being struck with the fork wielded by Sheila nor is there any dispute regarding young Winston's immediate reaction of surprise and disbelief at his own actions. Also, we note that John is a scholar, athlete, class favorite, and student government officer at Natchitoches Central High School and has no past record of disciplinary problems. We find no clear error on the part of the trial court in its conclusion that Sheila's provocation of the incident bars her right of recovery for those injuries sustained as a result of the altercation.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff, Verna Marie Delozia Dixon.
AFFIRMED.
DOMENGEAUX, J., dissents and assigns reason.
DOMENGEAUX, Judge, dissenting.
John Winston, Jr., a football player on his high school team, was, at the time of this unfortunate incident, six feet tall, weighed 192 lbs., and could bench press 230 lbs. In contrast, Sheila Ann Delozia was a petite cheerleader for the team. Notwithstanding the sorrow expressed by John for busting Sheila's eye wide open with his fist, and causing a blow out fracture of the inner wall of that eye socket, his post trauma remorse does not excuse his unwarranted act.
John and Sheila were juniors in high school and were boyfriend and girlfriend in the eighth and part of the ninth grades. Their association since that time was spasmodic. On the day of the incident the record shows that John sat down in a chair where Sheila usually sat with a certain group of classmates. Actually, Sheila had placed her purse on the chair when she went to get her lunch. When Sheila returned from the lunch counter to sit at the table, she admittedly made an uncomplimentary comment to John, something to the effect that he should get out of her *125 chair, and that she could slap the s___ out of him. She then sat in another chair, after which time John removed himself and went to sit in a chair further down the table. At this point, as I see it, and as unquestionably shown in the record, whatever unpleasantries which had taken place were now over. John should have left well enough alone, but he did not. As shown hereafter, he returned to continue the altercation. Under those circumstances if he was ever the victim, he lost that favored position by becoming the aggressor himself, and under the circumstances shown hereafter, neither the aggressor doctrine nor the plea of self-defense are available to him.
Some ten minutes later, after John had finished his meal, he walked over to the counter to deposit his meal tray and voluntarily came back to where Sheila was sitting. He placed himself behind her and a little to her left and touched, poked, or pushed Sheila on the shoulder and made some comment about what had previously happened at the table ten minutes before. She asked him to leave her alone. He continued to strike, poke, or push Sheila on the shoulder (the record is in conflict as to how many times he did this), at which time this petite little girl, who was obviously and justifiably irritated with John's actions, turned around to push him away, and struck him with her hand which held a fork which she was using while eating her meal. It was then that John struck her with his fist. I perceive nothing involuntary on John's part, as suggested in the majority opinion.
It is interesting to note that the trial judge, in reasons for judgment contained in the Court's minutes, stated that Sheila struck John with a fork. Subsequently, in his reasons for denying a motion for a new trial he was not too sure that Sheila had done this because he stated that she (Sheila) "... either actually stabbed him with a fork or struck him with her fist in which was held a fork."
I have grave doubts that the fork touched John. John said he had "red marks .... in four streaks." I think that the so-called fork striking was an afterthought.
My conclusion from an analysis of the record makes it very clear that if there was any aggressor in this altercation it was John, who went back to the place where Sheila was, and not only wanted to reopen the unpleasantries, but hovered over her from her rear and physically struck and poked her shoulder which ultimately led to his fracturing of her eye bone.
If any party is entitled to the luxury of "an involuntary reflex" it should be Sheila.
In the least, and even reluctantly assuming arguendo that Sheila was the aggressor, the facts leave little room for doubt but that John's actions fit the well-known jurisprudential rule that if one resorts to excessive violence and unnecessary force in repelling an assault, he then becomes liable as an aggressor and is subject to an action for damages for assault and battery.
It is inconceivable to me, even painting the scenario in his favor, that John needed to do what he did. There is no excuse for his battering this little girl with the force which he used.
I have no difficulty concluding that the plaintiff should prevail in this case and that we should proceed to award damages for the serious injuries which Sheila received.