478 So.2d 774 (1985)
J.C. HATCHER, Plaintiff-Appellee,
v.
STATE of Louisiana, Thru DEPT. OF TRANSPORTATION & DEVELOPMENT, Defendant-Appellant.
No. 85-679.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
Writ Denied December 20, 1985.
*775 Lawrence A. Durant, Baton Rouge, for defendant-appellant.
Ronald E. Dauterive, F. Ray Mouton, Lafayette, for plaintiff-appellee.
Jeansonne, Briney, Goudelocke, John A. Jeansonne, Lafayette, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
LABORDE, Judge.
We originally decided this case without adjudicating the incidental claims of the defendants. Hatcher v. State, Department of Transportation and Development, 467 So.2d 584 (La.App. 3d Cir.1985). Our Supreme Court granted Writs of Certiorari on the limited issue of the propriety of the dismissal of third party demands filed by the Department of Transportation & Development (DOTD). Hatcher v. State, Department of Transportation and Development, 471 So.2d 724 (La.1985). That court remanded this case for us to consider and decide DOTD's claims in its third party demands against Madelon Bowman Vines and Allstate Insurance Co.; against Merrick Construction Co., Inc., Hartford Fire Insurance Co., and Hartford Accident and Indemnity Co.; and against St. Paul Fire and Marine Insurance Co. The Court held that DOTD's appeal brought the third party demands squarely before this court, and that we improperly ignored the third party demand. The Supreme Court adopted the reasons expressed in the dissenting opinion of Judge Yelverton.
DOTD, inter alia, was sued by Julius Carnell Hatcher. DOTD answered the petition and made third party demands on the other defendants. The principal demand by Hatcher against DOTD was initially dismissed with prejudice. Consequently, the third party demands asserted by DOTD against the third party defendants were dismissed as well. The judgment rendered August 7, 1980 expressly dismissed with full prejudice the third party demands.
Hatcher moved for and was granted a new trial against DOTD. Upon completion of trial, the district judge reversed himself and granted Hatcher judgment against DOTD. The trial court rendered the amending judgment on September 15, 1983. This final judgment declares that "in all other respects [the original judgment] remains unchanged." We view this allusion to the first judgment as an incorporation of *776 the dismissal of the third party demands into the final judgment.
DOTD petitioned for and was granted a suspensive appeal. The petition states that DOTD was aggrieved by the judgment signed on September 15, 1983 insofar as that judgment casts DOTD in judgment, and insofar as that judgment, as originally rendered, dismisses all third party demands. Thus, the third party defendants are before us on appealnot in their capacity as defendants in the principal demand, but in their capacity as third party defendants.
The third party defendants are before us on appeal even if we construe the final judgment as being silent regarding the third party demands. We are then required to consider that silence as a rejection of the demand. Reed v. Seacoast Products, Inc., 458 So.2d 971, 979 (La.App. 3d Cir.1984). We now turn to resolve these third party demands.

MERRICK, HARTFORD, AND ST. PAUL AS THIRD PARTY DEFENDANTS
As Brother Yelverton notes in his original dissent in this case:
"It might be unnecessary for us to consider the third party demands made by DOTD against the contractor [Merrick] and its insurer [Hartford], because the jury finding that the contractor was not negligent eliminates the basis for a third party demand against the contractor based on contribution as between joint obligors. The rejection of that third party demand was clearly right; so clear, in fact, that perhaps it does not merit discussion."
We agree. Nevertheless, we will discuss these demands briefly.
In the principal case, the jury, in response to special interrogatories, held that Merrick Construction Company, Inc. was not guilty of negligence proximately causing Hatcher's accident. A judgment was entered pursuant to this verdict dismissing Mr. Hatcher's claims against Merrick and its insurers, Hartford Fire Ins. Co. and the Hartford Accident & Indemnity Co. The same judgment dismissed DOTD's third party demand against Merrick, Hartford, and St. Paul Fire & Marine Insurance Company. St. Paul provided Merrick with a "contractor's bond" in connection with the construction work being performed at the time of Mr. Hatcher's accident. As the surety on that bond, St. Paul was obligated to indemnify DOTD and hold it harmless against any loss occasioned by deeds of negligence of the principal, Merrick, its agents, servants and employees.
DOTD asserts three claims against Merrick, Hartford and St. Paul as third party defendants: (1) for contractual indemnity; (2) for tort indemnity; and (3) for contribution. The State, through DOTD, has no legal basis for these claims unless Merrick was guilty of negligence constituting a proximate cause of Mr. Hatcher's accident. As noted earlier, the jury found that Merrick was not negligent. The trial judge adopted this finding in dismissing DOTD's third party demand against Merrick, Hartford and St. Paul. DOTD contends that the jury's verdict was unreasonable and that the trial court's judgment was manifestly erroneous in holding that Merrick was free from fault.
The appellate court must review the facts as well as the applicable law in a civil case. Lewis v. Travelers Insurance Company, 247 So.2d 635 (La.App. 3d Cir.), writs denied, 259 La. 70, 249 So.2d 207, 211 (La.1971). Before a reviewing court can disturb the factual findings of a trial court, it must conclude that such findings by the trier of fact are manifestly erroneous and have no reasonable factual basis in the record. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Dixon v. Winston, 417 So.2d 122, 124 (La.App. 3d Cir.), writ denied, 420 So.2d 985 (La.1982). The trial judge is in the best position to determine the credibility of witnesses. Where testimony is in serious conflict and the resolution of questions necessarily depends on an evaluation of such credibility, great weight must be *777 granted to the decision of the trial court. Id.
The trial court was not clearly erroneous in dismissing DOTD's third party demand against Hatcher, Merrick and St. Paul. The decision is amply supported by admissible evidence adduced from a parade of disinterested lay and expert witnesses too numerous to enumerate. We have reviewed the findings of fact and determine that the conclusions are not only not clearly erroneous, but are supported by the overwhelming weight of evidence.
Merrick Construction Co. was correctly found to be free from negligence with regard to Mr. Hatcher's accident. As a necessary consequence, DOTD's third party demands against Merrick, Hartford, and St. Paul were properly dismissed. We affirm this portion of the trial court's judgment.

MS. MADELON BOWMAN VINES AND ALLSTATE AS THIRD PARTY DEFENDANTS
Also named as third party defendants by DOTD were Ms. Vines, driver of the vehicle which collided with Mr. Hatcher's vehicle, and her insurer, Allstate. As discussed earlier, DOTD was dismissed as a defendant in the original judgment. That judgment also dismissed DOTD's third party demand against Vines and Allstate. After a new trial, the judge reversed himself and awarded Hatcher a judgment against DOTD for $2,688,165.00. The new judgment makes it necessary to consider now the previously dismissed third party demand against Vines and Allstate.
DOTD alleges that Ms. Vines and Allstate are solidary codebtors vis-a-vis Mr. Hatcher, that rights of contribution exist among them, and that a payment by Allstate to Mr. Hatcher should inure to the benefit of DOTD. We agree.
A verdict returned by the jury through special interrogatories declared Ms. Vines negligent in the operation of her vehicle; further, her negligence was a proximate cause of Mr. Hatcher's accident and injury. The interrogatories also indicated that $2,000,000.00 would fairly compensate Mr. Hatcher for his loss. The trial court's finding of negligence on the part of both DOTD and Ms. Vines requires that DOTD, Ms. Vines, and Allstate be adjudged codebtors in solido. When actionable negligence of two tortfeasors contributes in causing harm to a third party, each tortfeasor is responsible for the damage and they are solidarily liable. La.Civ.Code art. 2324[1]; Coleman v. Douglas Public Service, Inc., 423 So.2d 1205 (La.App. 4th Cir.1982), writ denied, 429 So.2d 153 (La. 1983).
Allstate's solidarity with Ms. Vines exists by virtue of LSA-R.S. 22:665. Shaw v. New York Fire & Marine Underwriters, Inc., 252 La. 653, 212 So.2d 416 (1968). Inasmuch as DOTD, Ms. Vines, and Allstate are all liable "for the same thing," they are all three solidarily bound with each other to Mr. Hatcher. La.Civ.Code art. 2091[2] (current version at La.Civ.Code art. 1794). Rights of contribution therefore exist among them. La.Civ.Code art. 2103[3] (current version at La.Civ.Code art. *778 1805). Because DOTD and Ms. Vines are solidarily bound, Mr. Hatcher can demand performance of the entire obligation from either DOTD or Ms. Vines and Allstate (up to its policy limits). Moreover, payment (or partial payment) to the creditor by one debtor exonerates the other debtor from having to make that payment to the creditor.[4] When the liability is solidary, the creditor cannot collect more than the full amount of the debt for the single or combined payments of the debtors. Fertitta v. Allstate Insurance Co., 462 So.2d 159, 163 (La.1985). We now must reconcile the conflicting awards of the trial judge and jury.
As noted earlier, the trial judge awarded Mr. Hatcher $2,688,165.00 against DOTD. The jury awarded Mr. Hatcher $2,000,000.00 against Ms. Vines. The issue of harmonizing conflicting judgments in a bifurcated trial is well settled in our circuit. Where the judge and the jury reach conflicting decisions it is not necessary for the trial judge to grant a new trial in an effort to seek a jury verdict which would be in harmony with the judge's view of the case. The preferable procedure is that the court of appeal harmonize any conflict in decisions by the jury and the judge. Bunkie Bank & Trust Company v. Avoyelles Parish Police Jury, 347 So.2d 1305, 1308 (La. App. 3d Cir.1977); Whittington v. Sowela Technical Institute, 438 So.2d 236, 248 (La. App. 3d Cir.), writs denied, 443 So.2d 591, 592 (La.1983).
We apply the standard set forth in Thornton v. Moran, 348 So.2d 79 (La.App. 1st Cir.), writs denied, 350 So.2d 897, 898, and 900 (La.1977), to wit:
"We now assume that the review-functional rule now requires us, as an intermediate appellate court, in bifurcated cases, to reconcile or resolve any differences in the factual findings between the trial judge and the jury by determining which witnesses are more credible, to ascertain which of the triers of fact accorded a more reasonable measurement to the evidence in reaching a decision, and to decide which of the said triers of fact gave a more reasonable evaluation and drew a more reasonable inference from the facts, all in order that we might harmonize the judgment(s). We also assume that the same requirement is now placed on the trial judge."
Thornton, 348 So.2d at 82. After a careful review of the record, we conclude that the trial judge's award of damages in the amount of $2,688,165.00 is the more reasonable judgment.

JUDGMENT RECAST
The third party defendants named by DOTD are properly before us on appeal, namely Ms. Madelon Bowman Vines, Allstate, Merrick, Hartford and St. Paul. We affirm the portion of the trial court's judgment dismissing DOTD's third party claims against Merrick, Hartford and St. Paul. We reverse the portion of the trial court's judgment dismissing DOTD's third party claims against Ms. Vines and Allstate. Ms. Vines and DOTD were adjudged tortfeasors in separate judgments by the trial judge. We render them joint tortfeasors. Each tortfeasor is liable in solido for the entire judgment awarded to Mr. Hatcher as harmonized by this Court, to-wit: $2,688,165.00. Ms. Vines' insurer, Allstate, is also solidarily liable up to its policy limits. Rights of contribution exist among the tortfeasors; moreover, any payments to Mr. Hatcher by one of the debtors exonerates the other debtor from having to make that payment to Mr. Hatcher.
For the foregoing reasons, the judgments of the trial court are harmonized, *779 affirmed in part, reversed in part, and rendered.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] Art. 2324 in pertinent part provides: He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
[2] Art. 2091There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.
[3] Art. 2103When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.

A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit ... whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff.
[4] On August 21, 1980, Hatcher executed a notarized "Satisfaction of Judgment and Release," in which he acknowledged payment to him of $196,666.66 by Allstate. The document expressly states that the payment was made in consideration of the release of Allstate in this matter.

We agree with DOTD that Hatcher's total award must be reduced to the extent of Allstate's payment. Stated another way, Allstate's payment on the solidary obligation must be imputed to the total debt owed. This result effectuates complete reparation of plaintiff's injury, no more and no less. Further, we think it is consistent with the spirit of our Supreme Court's holding in Fertitta v. Allstate Insurance Company, 462 So.2d 159 (La.1985).