526 So.2d 1342 (1988)
Michael Paul SCHOUEST
v.
Fred FRANKE, Individually, and d/b/a Stripe and Patch and State Farm Fire & Casualty Co.
No. 88-CA-38.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
*1343 Wayne W. Yuspeh, Metairie, for plaintiff, Michael P. Schouest.
Denis Paul Juge, Sutherland, Juge & Keevers, New Orleans, for Fred Franke, individually, and d/b/a Stripe and Patch and State Farm Fire and Cas. Co., appellants and 3rd party plaintiffs.
Michael F. Grennan, Law Offices of James J. Morse, New Orleans, for appellees and 3rd party defendants.
Before BOWES, GAUDIN and GRISBAUM, JJ.
BOWES, Judge.
Appellants, Fred Franke, individually and d/b/a Stripe and Patch (hereinafter Stripe and Patch) and State Farm Fire and Casualty Company (hereinafter State Farm), appeal a judgment of the district court dismissing their third party demand against the Parish of Jefferson and The Travelers Insurance Company (hereinafter Travelers). We affirm as follows.
Plaintiff, Michael Paul Schouest, filed an action for worker's compensation benefits against his employer, Stripe and Patch, for injuries received in a work-related accident suffered on May 15, 1985. The compensation insurer of Stripe and Patch, State Farm, filed a third party demand against Jefferson Parish and its compensation insurer, Travelers. The third party demand asserted that the disability of plaintiff was due, in whole or in part, to an accident which occurred on April 14, 1982, while Mr. Schouest was employed by the Parish of Jefferson; therefore, Stripe and Patch and State Farm alleged they were due indemnification in full by the Parish and its insurer for any judgment rendered, or, alternatively, to contribution for the Parish's percentage of liability. The Parish and Travelers *1344 moved for summary judgment in their favor, alleging that a court-approved settlement in September, 1984, operated to bar any further claims against them for that particular injury. Following a hearing, the trial court granted the motion and dismissed appellants' third party demand with prejudice. The situation presented here appears to be res nova in Louisiana.
On appeal, appellants urge that appellees are solidary obligors and thus are liable for contribution under the line of jurisprudence which holds that where successive employments contribute to disability, compensation liability falls solidarily on each succeeding employer, citing Wheat v. Ford, Bacon & Davis Const. Corp., 424 So.2d 293 (La.App. 1 Cir.1982); Lachney v. Employers Commercial Union Insurance Companies, 337 So.2d 624 (La.App. 4 Cir. 1976). Alternatively, State Farm avers that if the settlement and release is a valid bar to its third party claim, then Mr. Schouest's claim against Stripe and Patch must be reduced by one-half due to his release of a solidary obligor.
It is not disputed that in September, 1984, Mr. Schouest, Jefferson Parish, and Travelers entered into a compromise settlement, which was duly reduced to a judgment approving the settlement, for injuries received in the April 14, 1982 accident. None of the parties to the settlement contested its validity. The accident resulting in the present suit occurred on May 15, 1985, months after the prior injury was compromised. A deposition of Dr. Stuart Phillips, who treated Mr. Schouest before and after the 1985 accident, indicates that the back condition presently complained of by the plaintiff is the result of a combination of both accidents (the first accident in 1982 having caused a pre-existing problem aggravated by the second accident).
Citing Wheat, supra, and other similar cases, the Supreme Court in Gales v. Gold Bond Bldg. Products, 493 So.2d 611 (La. 1986) recently summarized the jurisprudence:
It is an emerging general principle of our workers' compensation law that, where succeeding employments contribute to disability, compensation liability falls solidarily on each succeeding employer. Thus, it has been held that when a worker is disabled as a result of the combination of two or more successive accidents in separate and succeeding employments each employer is solidarily liable for the total amount of benefits. The employee may, at his option, obtain an award for the entire disability against any one or more of successive employers whose employment contributed to the disability.
However, we note that none of the cases cited in Gales, including Wheat and Lachney, involve successive employers one of whom has already settled with the employee through a bona fide compromise settlement duly approved by the court.
LSA C.C. Art. 1794 defines a solidary obligation for obligors:
An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.
Art. 1804 states:
Among solidary obligors, each is liable for his virile portion. If the obligation arises from a contract or quasi-contract, virile portions are equal in the absence of agreement or judgment to the contrary. If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor.
A solidary obligor who has rendered the whole performance, though subrogated to the right of the obligee, may claim from the other obligors no more than the virile portion of each.
If the circumstance giving rise to the solidary obligation concern only one of the obligors, that obligor is liable for the whole to the other obligors who are then considered only as his sureties.
LSA C.C. Art. 1805 states:
A party sued on an obligation that would be solidary if it exists may seek to enforce contribution against any solidary co-obligor by making him a third party defendant according to the rules or procedure, whether or not that third party *1345 has been initially sued, and whether the party seeking to enforce contribution admits or denies liability on the obligation alleged by plaintiff.
Stripe and Patch filed its suit under the auspices of Art. 1805 (formerly LSA C.C. Art. 2103). However, because of the earlier court-approved settlement and judgment between Mr. Schouest and Travelers, we hold that a solidary obligation did not exist at the time of Mr. Schouest's second injury. Therefore, appellants' alternative claim for a reduction of fifty per cent of Schouest's claim against them is without merit.
Any obligation which Jefferson Parish had to plaintiff as a result of his work-related injury was resolved by the settlement agreement and judgment some nine months before the second injury occurred. Transactions reduced to writing have, between the interested parties, a force equal to authority of things adjudged. LSA C.C. Art. 3078; Oil Purchasers, Inc. v. Kuehling, 334 So.2d 420 (La.1976). Moreover, the settlement was reduced to a judgment, which has become final. Once the court approves a settlement of a worker's compensation claim, this judgment is conclusive and cannot be set aside except for fraud, misrepresentation, or failure to comply with the compromise procedures set out in the compensation act. Condoll v. Johns-Manville Sale Corp., 448 So.2d 169 (La.App. 5 Cir.1984); Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).
No allegations of fraud, misrepresentation, or failure to comply have been made by plaintiff. Therefore, the compromise is res judicata as between the parties. C.C. Art. 3078, supra.
It's a rudimentary proposition of law that an obligation is merged with the judgment of which it is a legal predicate, so that the obligation no longer has a distinct, separate, or self-subsistent existence. Salling Wiping Cloth v. Sewell, Inc., 419 So.2d 112 (La.App. 2 Cir.1982) and the cases cited therein.
In Sewell, the court elaborated:
Since a compromise has the effect of a judgment, it causes the merger of the antecedent obligation or claim upon which it is based with itself, leaving the antecedent obligation with no separate or distinct existence. Thus a valid compromise, by operation of the doctrine of judgment and merger, functionally and theoretically nullifies the antecedent obligation which it compromises, so that the antecedent obligation may no longer exist to provide a self-subsistent cause of action. An exception to this rule would operate if the contract of compromise was abrogated and extinguished. However, the contract of compromise at issue here was not legally abrogated.
See also Glazer Steel Corp. v. Larose Shipyard, Inc., 372 So.2d 250 (La.App. 1 Cir.1979) wherein a plaintiff, having obtained a judgment against the defendant, sought (almost one year later) to file an amending petition naming another defendant as a solidary obligor with the original defendant.
The First Circuit held:
Once an obligation is reduced to judgment, it is merged with the judgment and no longer exists as a distinct obligation or a litigious right. Agricultural Enterprises, Inc. v. Morgan, 140 So.2d 40 (La. App. 2nd Cir.1962). It would be anomalous to allow a plaintiff to amend a petition, adding a new defendant, and have it relate back to a petition on an obligation that has been merged into a final judgment. The effect of the assertion of a solidary obligation against Larose and George Engine is that plaintiff is suing Larose again on an obligation for which they already have judgment.
We agree with these analyses[1] as applied to the present case. If the obligation no longer exists as a distinct or litigious right, it cannot operate to bind, in this situation, Jefferson Parish as a solidary obligor with Stripe and Patch. Under the definition of C.C. Art. 1794, Jefferson Parish and Stripe and Patch were never obligated for the whole performance. The *1346 compromise and judgment against Jefferson Parish nullified the antecedent obligation, i.e., the compensation due for plaintiff's injuries. A cause of action against the Parish for these injuries to this plaintiff no longer existed at the time of his second accident.
Plaintiff has no further recourse against the Parish for the injuries received as an employee in 1984. Therefore, any liability of the Parish as regards that injury was concluded by the compromise settlement agreement, and judgment. In May, 1985, the obligation which arose as a result of plaintiff's second injury was solely that of appellants as no further liability could have attached to the Parish.
Blount v. Cooper Stevedoring Co., Inc., 416 So.2d 358 (La.App. 4 Cir.1982) relied upon by appellants is inapplicable to the present case because it can be factually distinguished. There, the deceased employee had worked for the two employers jointly; during the first employment he suffered the symptoms of the heart attack, which culminated in his death during his second job. In addition, suit was filed and pending against both employers when one settled with the decedent's plaintiff.
Since we find that the Parish of Jefferson and Stripe and Patch were never co-debtors in solido, the device of contribution is unavailable to appellants under C.C. 1804, supra and 1805, supra. Neither are appellants entitled to a partial remission under C.C. Article 1803.[2] Accordingly, summary judgment dismissing their third party demands was proper.
For the foregoing reasons, the judgment appealed from is affirmed. All costs are taxed to appellants.
AFFIRMED.
NOTES
[1] The Court in Glazer felt that the amendment by the trial court should not have been permitted, and that the technically correct judgment should have been the dismissal of the suit as to the second defendant, George Engine.
[2] C.C. Art. 1803 provides:

Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of that portion of that obligor.
Surrender to one solidary obligor of the instrument evidencing the obligation gives rise to a presumption that the remission of debt was intended for the benefit of all the solidary obligors.