WARD, Judge.
This is a suit for a declaratory judgment asking the Court to interpret contractual rights and obligations. The contract is a compromise agreement for the settlement of a lawsuit. The lawsuit arose from an accident which occurred in 1982 when Michael Hermann, while driving a truck owned by his employer, Dockside Lineman, Inc., was struck by a van driven by Joseph Favalora. At the time Joseph Favalora was employed by the St. Bernard Parish Police Jury.
In that lawsuit Mr. Hermann sued in tort claiming injuries caused by the negligence of Joseph Favalora. He also alleged that the Police Jury was liable for the negligent acts of its employee, and that the Police Jury’s insurer, National Union Fire Insurance Company, was also liable. In that same lawsuit Michael Hermann sued his employer, Dockside Lineman, Inc., and its insurer, Fidelity Casualty and Surety Company, claiming worker’s compensation benefits. Dockside and Fidelity filed third party demands against Favalora, the Police Jury, and National Union.
On the day of trial of the combined tort and worker’s compensation suit, Mr. Her-mann, through his attorney, agreed to compromise with the tort defendants, Favalora, the Police Jury and National Union. The contract was executed three weeks later; it intended to put into writing the substance of the oral agreement agreed upon the day of trial. In exchange for $149,500.00 Michael Hermann signed a contract, part of which says:
‘It is especially agreed and understood that I, Michael J. Hermann, reserve all rights and causes of actions that I may *19 have as a result of the accident described in the first paragraph of the Receipt and Release and Subrogation Agreement against Dockside Linemen, Inc. and its insurance carrier, Fidelity Casualty & Surety Company.
It is further agreed and understood that in consideration of the payment described in the first paragraph of the Receipt and Release and Subrogation Agreement, I Michael J. Hermann, especially agree to indemnify and forever hold harmless St. Bernard Parish Police Jury, Joseph A. Favalora and National Union Fire Insurance Company and its heirs, ... ’
After the agreement was reached on the day of trial, but before trial began, the defendants in tort, Favalora, the Police Jury, and National Union were dismissed from the lawsuit. The case proceeded to trial on June 19, 20, and 21 of 1984, and the District Court in St. Bernard Parish rendered judgment in January 1985. That judgment was favorable to Michael Her-mann, finding Dockside and Fidelity liable for worker’s compensation benefits. It was also favorable to Dockside and Fidelity in their third party demand, holding that Dockside and Fidelity were entitled to “full indemnification” from Favalora, the Police Jury, and National Union.
Thus, if the promise to indemnify and hold harmless quoted above is to be given effect, there is a circle of indemnity. By virtue of the judgment, Michael Herman is entitled to worker’s compensation from Dockside and Fidelity; Dockside and Fidelity are entitled to “full indemnification” from Favalora, the Police Jury and National Union; and by virtue of the compromise, Favalora, the Police Jury and National Union are entitled to indemnification from Hermann. Had worker’s compensation benefits been paid, the payments would at this time exceed $149,500.00. Michael Her-mann has brought this suit for a declaratory judgment, alleging the $149,500.00 was only a credit against compensation benefits to be paid by Dockside and Fidelity.
La.C.C.P. Art. 1871 et seq. and particularly Art. 1876 give great discretion to the District Court concerning the hearing of suits for declaratory judgment. Nevertheless, we have misgivings about the propriety of a suit in Orleans Parish that brings into question a judgment of the District Court of St. Bernard and adjudicates rights and obligations of the St. Bernard Parish Police Jury; but since the parties have not objected on this ground, we will consider the appeal.
The Orleans Civil District Court rendered a declaratory judgment breaking the circle of indemnity by declaring “a credit limited to $149,500.00 runs in favor of Dockside Lineman, Inc., [and] Fidelity Casualty & Surety Company ...” by virtue of the compromise. The inescapable implication of this declaration is that Dockside and Fidelity must now pay Hermann’s worker’s compensation claim without indemnification.
We reverse for the following reasons.
First, for all purposes of this suit, Dockside and Fidelity’s third party demand is the same as the intervention contemplated in LSA-R.S. 23:1102. Next, a compromise between Hermann and the tort defendants cannot affect any right of Dockside or Fidelity to recoup worker’s compensation paid to Hermann unless they agreed to it, and they did not. LSA-R.S. 23:1103, Crabtree v. Bethleham Steel Corporation, 284 So.2d 545 (La.1973)[1]. Fur *20 ther, the trial proceeded to judgment in St. Bernard Parish on the worker’s compensation and third party claims. That judgment was not appealed, and is final. The declaratory judgment of the District Court in Orleans Parish cannot, in the face of LSA-R.S. 23:1103, Crabtree, supra, and in deference to a Court of equal dignity, now modify the judgment of the District Court in St. Bernard Parish which awarded to Dockside and Fidelity “full indemnification”. If there is any doubt as to the interpretation of the contract it cannot be interpreted to negate a District Court judgment.
Lastly, Michael Hermann petitioned for a declaratory judgment, suggesting one of only two alternatives: (1) a judgment finding that there is a full circle of indemnity which denies Hermann the right of further recovery of worker’s compensation or (2) a judgment limiting Dockside’s and Fidelity’s judgment in St. Bernard Parish on the third party demand to a credit. We have rejected the second alternative for the reasons stated. Hermann does not ask for, and the record would not support, a declaratory judgment setting aside the compromise.
In the light of the law and jurisprudence at the time of the compromise, we hold that when Michael Hermann, with the advice of counsel, agreed to indemnify and hold harmless the third party tortfeasors from claims made by his employer or its insurer, Michael Hermann effectively settled all worker’s compensation claims, in spite of any language in the compromise attempting to reserve those rights.
We reverse and remand for further proceedings.
All costs of these proceedings are assessed to Michael Hermann.
REVERSED & RENDERED.

. At the time of the injury LSA-R.S. 23:1103 provides in full:
[1] ‘In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed *20 at six per cent per annum, and shall be satisfied by such payment.
‘[2] No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.’