665 So.2d 400 (1995)
James E. PREVOST
v.
JOBBERS OIL TRANSPORT COMPANY.
No. 95 CA 0224.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
Rehearing Denied January 23, 1996.
*402 J. Mark Rolling, Hammond, for Plaintiff Appellant/Appellee James E. Prevost.
Peter A. Kopfinger, Baton Rouge, for Defendants/Third Party Plaintiffs Appellants/Appellees Jobbers Oil Transport Company and Guarantee Mutual Life Company.
Robert J. May, Metairie, for Third Party Defendant Appellant/Appellee Aetna Casualty and Surety Company.
Before LeBLANC, WHIPPLE and FOGG, JJ.
FOGG, Judge.
In this worker's compensation case, the issues raised on appeal concern the effect of the employee's failure to obtain the employer's and insurer's written approval of a settlement with a third party tortfeasor, the liability of a third party defendant on the main demand, the correct amount of supplemental earnings benefits, the right to an award for future medical expenses and treatment, and a worker's compensation insurer's entitlement to a credit.
James E. Prevost filed a claim against his employer, Jobbers Oil Transport Co., Inc. (JOTCO), on March 27, 1992, seeking worker's compensation benefits arising out of an accident which occurred on May 14, 1991. JOTCO's worker's compensation insurer at the time of this accident, Guarantee Mutual Life Company (Guarantee), filed a third party demand against Aetna Casualty and Surety Company (Aetna). Guarantee alleged that Aetna was JOTCO's worker's compensation insurer on December 14, 1985, when Prevost was involved in a motor vehicle accident while in the course and scope of his employment with JOTCO. Guarantee alleged in its third party demand that Prevost's disability was solely due to the injuries sustained in the 1985 accident, and therefore, Aetna was solely liable, or, alternatively, Aetna was liable for indemnification or contribution.
Aetna answered the third party demand, alleging that Guarantee had no action for contribution because Prevost had settled any worker's compensation claim he had against Aetna. Aetna also alleged that, based on Prevost's settlement of his claim against a third party tortfeasor arising out of the December 14, 1985 accident, it was entitled to a credit against any liability it may have to Prevost for worker's compensation benefits.
Prior to trial, Prevost, Guarantee and JOTCO entered into an agreement, whereby Guarantee agreed to pay Prevost, on behalf *403 of JOTCO, the sum of $19,895.73, representing Guarantee's portion of worker's compensation benefits and interest owed "to date."[1] Guarantee agreed to pay its "portion" of Prevost's supplemental earnings benefits (SEB) beginning September, 1994. Additionally, any claim "for the remaining one-half [of] worker's compensation benefits" was reserved to Prevost. In exchange, Prevost released any claims against Guarantee and JOTCO for penalties for arbitrary and capricious behavior.
On November 19, 1994, the hearing officer rendered judgment against Aetna and Guarantee, awarding Prevost SEB in the sum of $606.30 per month beginning in February, 1992, and extending for 520 weeks with legal interest from the date each installment is due. In the judgment, the hearing officer stated that "Claimant is entitled to have all medical bills and expenses paid by defendants in solido; ... Claimant is entitled to future medical treatment from defendnats [sic] in solido...." The hearing officer found Aetna was arbitrary and capricious and assessed $3,000 in "attorney[`]s fees in the amount of penalties" against it. The hearing officer assessed all costs against Aetna and Guarantee, with each to pay half. From this judgment, Aetna, JOTCO, Guarantee, and Prevost appeal.
Aetna contends the hearing officer erred in rendering judgment in Prevost's favor against it because Aetna was not a defendant on the main demand. Aetna was a third party defendant; however, Prevost never amended his claim for compensation to make Aetna a defendant in the principal action. The plaintiff must amend his petition to make a third party defendant a direct defendant before judgment can be rendered in favor of the plaintiff and against the third party defendant. LSA-C.C.P. art. 1111; Shaffer v. Illinois Central Gulf Railroad Co., 479 So.2d 927 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986). This rule is equally applicable where the third party defendant is the insurer of the defendant cast in judgment on the main demand. See Heckel v. Travelers Insurance Co., 340 So.2d 363 (La.App. 1st Cir.1976); See also Winn v. Thompson-Hayward Chemical Co., 522 So.2d 137 (La.App.2d Cir.1988). Therefore, the hearing officer erred, and we reverse that portion of the judgment which holds Aetna liable as a direct defendant on the main demand. Because we find that the hearing officer erred in holding Aetna liable on the main demand, we pretermit, as to Aetna, the remainder of the issues raised by it concerning the main demand.
Prevost further contends that the hearing officer erred in awarding him SEB in the sum of $606.30 per month, rather than $1,212.60 per month; we find that the hearing officer's award was incorrect. LSA-R.S. 23:1221(3)(a) specifies that SEB is calculated as 66 2/3 percent of the difference between the average monthly wage at the time of injury and the average monthly wage the employee is earning or is able to earn after the accident. Pursuant to LSA-R.S. 23:1221(3)(a), the average monthly wage is calculated by multiplying the average weekly wage as defined in LSA-R.S. 23:1021(10) by 4.3.
Additionally, an award of SEB cannot exceed a maximum amount as provided by statute. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989). Under LSA-R.S. 23:1202(A)(2), the maximum weekly compensation to be paid is 75 percent of the average weekly wage paid in all employment subject to the Louisiana Employment Security Law. The statute further provides:
B. [T]he average weekly wage in all employment subject to the Louisiana Employment Security Law shall be determined by the administrator of the office of employment security on or before August 1 of each year as of the quarter ending on the immediately preceding March 31 of each year. The average weekly wage so determined shall be applicable for the full period during which compensation is payable when the date of occurrence of injury falls within the twelve-month period commencing September 1 following the determination.
*404 According to the Louisiana Register (Vol. 16, No. 8, August 20, 1990), of which we are authorized to take judicial notice under LSA-R.S. 49:966(C), the state's average weekly wage paid in all employment subject to the Employment Security Law effective September 1, 1990 was $376.02, making the maximum weekly compensation $282.00.
According to his claim, Prevost's average weekly wage at the time of his 1991 injury was $575, which exceeds the maximum compensation. Therefore, the maximum compensation Prevost can receive for SEB must be based on the statutory maximum of $282.00 per week. See Cassard v. American General Fire & Casualty Co., 568 So.2d 1151 (La.App. 5th Cir.1990). This amount multiplied by 4.3 yields a result of $1212.60 for a maximum monthly wage[2] and the judgment of the hearing officer is amended to award Prevost $1212.60 monthly for SEB.
As Guarantee contends, the hearing officer erred in awarding SEB for 520 weeks because this period is the statutory maximum for which SEB may be recovered; under certain conditions, benefits may be terminated sooner than 520 weeks. LSA-R.S. 23:1221(3)(d); Woolsey v. Cotton Brothers Bakery Co., Inc., 535 So.2d 1119 (La.App.2d Cir.1988), writ denied, 537 So.2d 1168 (La. 1989). Therefore, Prevost's and Guarantee's contentions have merit, and we amend the hearing officer's judgment to award SEB of $1212.60 monthly beginning February 1992, together with legal interest. See Hammons v. ABB C-E Services, Inc., 94-2444 (La.App. 1st Cir. 10/6/95), ___ So.2d ___ [1995 WL 588181].
Guarantee contends that the hearing officer erred in awarding future medical expenses and future medical treatment. Liability for medical expenses arises only as the medical expenses are incurred. A plaintiff is not entitled to an award for future medical expenses, but the right to claim such expenses is always reserved to the plaintiff. Lester v. Southern Casualty Insurance Co., 466 So.2d 25 (La.1985); Durand on behalf of Durand v. National Tea Co., 607 So.2d 573 (La.App. 1st Cir.1992), writ denied, 612 So.2d 101 (La.1993). An award of future medical expenses and future medical treatment is not necessary, and we reverse that portion of the judgment awarding Prevost future medical expenses and future medical treatment.
Guarantee also complains that the hearing officer's judgment renders it liable for all Prevost's medical expenses. An employee is only entitled to an award of medical expenses made necessary by the work accident. LSA-R.S. 23:1203; City of Baton Rouge v. Noble, 535 So.2d 467 (La.App. 1st Cir.1988), writ denied, 539 So.2d 632 (La. 1989). Mitchell v. K-Mart Enterprises of Louisiana, Inc., 319 So.2d 826 (La.App. 1st Cir.1975). An employee has the burden or proving that the medical expenses he seeks to recover were necessary and due to the work-related accident. City of Baton Rouge, 535 So.2d at 473. In this case, the record contains no evidence as to medical expenses incurred by Prevost related to the accident. Furthermore, in his claim for compensation, Prevost did not allege that his medical expenses were not paid. Therefore, we find the hearing officer erred in awarding Prevost all medical expenses and reverse that portion of the judgment.
Guarantee contends that it is entitled to a credit under LSA-R.S. 23:1223 B, which provides that "[w]hen compensation has been paid under R.S. 23:1221(1), (2), or (4), the amount of such payment shall be deducted from any compensation allowed under R.S. 23:1221(3)...." JOTCO amended its answer to claim a credit for compensation previously paid, and in its original answer, JOTCO's adjuster alleged that compensation of $282 weekly had been paid to Prevost from June 14, 1991 through February 21, 1992. Guarantee alleges that it is entitled to a credit of $10,434, which is equivalent to thirty-seven weeks of compensation in the amount of $282, that which was paid between June 14, 1991 and February 21, 1992. We find that the hearing officer erred in failing to award such a credit as required by LSA-R.S. *405 23:1223 B, and therefore, amend the judgment to so provide.
As to Guarantee's third party demand against Aetna, Guarantee contends that the hearing officer erred in failing to order Aetna to pay it one-half of what Guarantee owed to Prevost.[3] Guarantee bases its entitlement to contribution from Aetna on the jurisprudential rule that if an employee's present disability is due to a combination of two or more successive accidents or due to the second accident aggravating the prior injury, both the subsequent compensation insurer and the insurer at the time of the first accident are solidarily liable for compensation benefits and medical expenses. Daigle v. Lajet, Inc., 504 So.2d 1126 (La.App. 5th Cir.1987); Wheat v. Ford, Bacon and Davis Construction Corp., 424 So.2d 293 (La.App. 1st Cir.1982), writs denied, 429 So.2d 155, 158 (La.1983). The hearing officer found that Guarantee and Aetna were solidarily liable because the second injury aggravated the first injury. Aetna does not dispute this factual finding, but instead contends that Prevost's settlement with a third party tortfeasor without Aetna's written approval extinguished any claim for contribution which Guarantee may have had based on LSA-R.S. 23:1102 B. As it read at the time of Prevost's accident, LSA-R.S. 23:1102 B provided:
If compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee's or dependent's right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, medical benefits, attorney's fees, and penalties, previously paid to or on behalf of the employee, exclusive of attorney's fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.
Aetna contends that because Prevost forfeited his right to future compensation under LSA-R.S. 23:1102 B, any liability it had to Prevost is extinguished, and, therefore, any solidary liability with Guarantee is destroyed. See Schouest v. Franke, 526 So.2d 1342 (La. App. 5th Cir.), writ denied, 531 So.2d 473 (La.1988).
In written reasons for judgment, the hearing officer found that, although Prevost settled his third party claims without the prior written approval of Aetna or JOTCO, the law at the time of Prevost's injury did not require a written approval of the settlement. We have thoroughly reviewed the record and found no evidence of prior written approval of the settlement. This court can consider only facts which are in the record on appeal. Premier Bank, National Association v. Prevost Motors, Inc., 597 So.2d 1136 (La.App. 1st Cir.), writ denied, 605 So.2d 1115 (La. 1992). Thus, we find the hearing officer did not err in determining that there was no written approval of the settlement by Aetna at the time of or prior to the settlement.
However, the hearing officer did err in finding that such written approval was not required. LSA-R.S. 23:1102 B as cited above became effective on July 1, 1983, and thus was in effect at the time of Prevost's 1985 accident. Acts 1983, 1st Ex.Sess., No. 1, Section 1. According to LSA-R.S. 23:1102 *406 B, by failing to obtain Aetna's written approval of the settlement, Prevost forfeited "the right to future compensation, including medical expenses." Future compensation has been interpreted by this court to mean those benefits payable after the date of the settlement. Hanover Insurance Co. v. Allstate Insurance Co., 554 So.2d 1261 (La.App. 1st Cir.1989); Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d 918 (La.App. 1st Cir.1988), writ denied, 545 So.2d 1040 (La. 1989). Prevost, therefore, forfeited his right to all benefits payable after March 30, 1993, the date of his settlement with Hartford; however, he retained a viable claim against Aetna as to those benefits payable prior to March 30, 1993. Thus, Aetna and Guarantee are solidarily liable for those compensation benefits payable before March 30, 1993.
Aetna contends that it is not liable to Guarantee because the release and settlement agreement created what it terms a "circle of indemnity", and, thus, Prevost effectively settled his claims against Aetna. Aetna relies on Hermann v. Dockside Linemen, Inc., 583 So.2d 17 (La.App. 4th Cir.), writ denied, 589 So.2d 1066 (La.1991). We disagree. Under the agreement, Prevost only agreed to indemnify third parties for any claims arising out of the December 14, 1985 accident and did not agree to indemnify any third party for any claims arising out of the 1991 accident. Compromise agreements extend only to those matters the parties expressly intended to settle, and the scope of the transaction cannot be extended by implication. Brown v. Drillers, Inc., 93-1019 (La. 1/14/94), 630 So.2d 741. We also note that in the Hermann case, the plaintiff was only seeking recovery in worker's compensation from his employer for claims arising out of one accident, unlike the present case, which involves successive accidents. Therefore, Aetna's contention has no merit.
Aetna contends that it is entitled to a credit based on the settlement Prevost received. Aetna is not entitled to any credit to the extent any future compensation and future medical expenses might have been included in the settlement because Aetna is not liable for those future compensation and medical expenses payable after the settlement on March 30, 1993, due to Prevost's failure to obtain Aetna's prior written approval of the settlement. As to any credit due Aetna for that portion of the settlement representing compensation and medical expenses paid prior to the settlement, we note that Aetna is actually seeking reimbursement of any benefits which it has paid or will pay to Prevost. A claim for reimbursement is properly pursued against the third party tortfeasor under LSA-R.S. 23:1102(C).[4] See also LSA-R.S. 23:1103.[5] Therefore, Aetna is not entitled to any credit as to Guarantee's claim for contribution against it.
Guarantee contends that it should be held liable for its virile share if we determine Aetna is not liable to it for contribution due to LSA-R.S. 23:1102 B. However, as to those benefits payable after the settlement of March 30, 1993, the extinguishment of Aetna's liability by virtue of LSA-R.S. 23:1102 B destroyed any solidarity between Guarantee and Aetna for those benefits. There can be no solidarity for an obligor in whose favor the obligation is extinguished. S. Litvinoff, 5 Louisiana Civil Law Treatise, The Law of Obligations, Sec. 7.76 (1st ed. 1992). Therefore, when Guarantee filed its third party demand on December 30, 1993, Guarantee *407 and Aetna were not solidary obligors as to the benefits payable after the execution of the settlement on March 30, 1993. Without a solidary obligation, Guarantee is not entitled to a reduction of its debt as to those benefits under LSA-C.C. art. 1803.[6]See also Schouest v. Franke, 526 So.2d at 1344-1345. Therefore, Guarantee's contention that it is liable to Prevost simply for its virile share has no merit.
We reverse that part of the judgment awarding worker's compensation benefits, "all medical bills and expenses" and attorney's fees and costs to Prevost from Aetna; we also reverse that portion of the judgment awarding "future medical treatment" to Prevost from Guarantee. We amend the award of SEB to award SEB of $1212.60 per month, beginning on February 21, 1992, together with legal interest, payable by Guarantee. Legal interest is awarded on all SEB which had accrued as of November 19, 1994; the interest on these benefits runs from November 19, 1994, the date ordered paid by the hearing officer, until the date of satisfaction. Legal interest is awarded on SEB due after the hearing officer's judgment as each respective payment is due until the date of satisfaction. Guarantee is entitled to a credit of $10,434. We reverse that portion of the judgment denying Guarantee's claim for contribution against Aetna and award Guarantee recovery from Aetna of fifty percent of the total SEB of $1212.60 payable monthly between February 21, 1992, and March 30, 1993. In all other respects, the judgment is affirmed. Costs of this appeal are to be paid equally by Aetna and Guarantee.
REVERSED IN PART; AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] The stipulation was filed into the record on September 12, 1994, but the document is not dated.
[2] SEB is based on the difference between what the employee was earning at the time of the accident and what he earns or is able to earn afterwards; in this case, Prevost was not working at the time of the trial and Guarantee did not offer any evidence regarding what Prevost was able to earn.
[3] The hearing officer's judgment was silent concerning the third party demand; when a judgment is silent as to a claim or demand, it is presumed that the trier of fact rejected the claim. Hatcher v. State, Department of Transportation & Development, 478 So.2d 774 (La.App. 3d Cir.), writ denied, 479 So.2d 923 (La.1985).
[4] LSA-R.S. 23:1102(C)(1) states, in pertinent part,

When a suit has been filed against a third party defendant in which the employer or his insurer has intervened, if the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section.
[5] LSA-R.S. 23:1103 states, in pertinent part, "No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him."
[6] LSA-C.C. art. 1803 states, in pertinent part, "Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor."